■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID QUINONES, Appellant. [854 NYS2d 5]—

A defendant seeking resentencing on a class A-II felony conviction under the 2005 DLRA (L 2005, ch 643, § 1) must be eligible for merit time under Correction Law § 803 (1) (d). Correction Law § 803 (1) (d) (ii) provides that merit time is not available to any person serving an indeterminate sentence for, among other things, a violent felony. On January 6, 1999, defendant received a group of sentences for both drug and nondrug convictions. These sentences included a term of 2¹/₃ to 7 years for a violent felony offense, to be served concurrently with life sentences on his class A-II felony drug convictions. Defendant did not preserve his present argument that the maximum term of the violent felony sentence had allegedly expired before he made his application, rendering him eligible for resentencing,

and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (see *People v Merejildo*, 45 AD3d 429 [2007]). Defendant is in the same situation as the defendant in *Merejildo*, except that this case involves concurrent rather than consecutive sentences. Pursuant to Penal Law § 70.30 (1) (a), "concurrent sentences represent a single punishment measured by the sentence for the highest grade offense into which all concurrent sentences merge." (*People v Ramirez*, 89 NY2d 444, 450 [1996]; see also *Matter of Deary v Goord*, 32 AD3d 1074 [2006].) Accordingly, the motion court correctly concluded that because defendant is incarcerated pursuant to a judgment that includes a sentence for a violent felony, he is ineligible for merit time under Correction Law § 803 (1) (d) (ii) and thus is ineligible for resentencing. Concur—Tom, J.P., Buckley, Sweeny and Moskowitz, JJ.