■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL DELK, Appellant. [875 NYS2d 101]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Firetog, J.), dated November 26, 2007, which denied, without a hearing, his motion for resentencing pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643, § 1) on his conviction of criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the second degree, which sentence was originally imposed, upon his plea of guilty, on December 3, 2002.

Ordered that the order is affirmed.

In 2002 the defendant pleaded guilty to criminal possession of a controlled substance in the second degree, a class A-II felony offense, and criminal possession of a weapon in the second

degree, a class C violent felony offense. He was sentenced to a determinate term of imprisonment of 5 years on the weapon possession count and an indeterminate term of imprisonment of $8^{1}/_{3}$ years to life on the drug possession count, and the Supreme Court directed that the terms run concurrently.

In 2007 the defendant moved for resentencing pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643, § 1) (hereinafter the 2005 DLRA). The Supreme Court denied the motion on the ground that the defendant was serving a sentence imposed for a violent felony offense and, therefore, was ineligible for resentencing. The defendant appeals.

To be eligible for resentencing under the 2005 DLRA, a defendant must, inter alia, be eligible to earn merit time credit pursuant to Correction Law § 803 (1) (d) (see L 2005, ch 643, § 1). An inmate who is "serving . . . any sentence imposed for a violent felony offense" is not eligible to earn merit time credit (Correction Law § 803 [1] [d] [ii]).

The defendant contends that, since he had been incarcerated for more than five years at the time he moved for resentencing, he had completed the determinate sentence imposed on the weapon possession count and, thus, was no longer serving a sentence for a violent felony offense. The defendant's contention is without merit, since concurrent sentences are not served separately. Rather, where a defendant is subject to multiple sentences running concurrently, "[t]he maximum term or terms of the indeterminate sentences and the term or terms of the determinate sentences shall merge in and be satisfied by discharge of the term which has the longest unexpired time to run" (Penal Law § 70.30 [1] [a]). Thus, when served concurrently, "two or more sentences are *made into one*" (*People v Buss*, 11 NY3d 553, 557 [2008]), and "represent a single punishment measured by the sentence for the highest grade offense into which all concurrent sentences merge" (*People v Ramirez*, 89 NY2d 444, 450 [1996]). Accordingly, the defendant is still serving the sentence imposed upon his conviction of the violent felony offense of criminal possession of a weapon in the second degree, which renders him ineligible for merit time credit under Correction Law § 803 (1) (d) (ii) and, thus, ineligible for resentencing under the 2005 DLRA (see *People v Quinones*, 49 AD3d 323 [2008]).

This conclusion is compelled by the plain and unambiguous language of the 2005 DLRA, Correction Law § 803 (1) (d) (ii), and Penal Law § 70.30 (1) (a). Thus, contrary to the defendant's contention, we have no occasion to apply the principle that "[w]here the language of a statute is susceptible of two construc-

tions, the courts will adopt that which avoids injustice, hardship, constitutional doubts or other objectionable results" (*Matter of Jacob*, 86 NY2d 651, 667 [1995] [internal quotation marks omitted]). While the eligibility requirements of the 2005 DLRA may produce anomalous results in certain cases, that is a matter for the Legislature to address.

The parties' remaining contentions need not be reached in light of our determination. Prudenti, P.J., Spolzino, McCarthy and Leventhal, JJ., concur.