■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON MARTINEZ, Appellant. [900 NYS2d 875]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered April 7, 2005, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him to a term of six years to life, and order, same court and Justice, entered on or about January 7, 2008, which denied defendant's motion to be resentenced under the Drug Law Reform Act of 2005 (DLRA) (L 2005, ch 643, § 1), unanimously affirmed.

Since defendant is serving an aggregate term that includes a sentence for a violent felony, he is ineligible for resentencing. We decline defendant's invitation to revisit our holdings in *People v Quinones* (49 AD3d 323 [2008], *lv dismissed* 10 NY3d 868 [2008]) and *People v Merejildo* (45 AD3d 429 [2007]), which involved the same issues raised on this appeal. Treating defendant's consecutive sentences for a drug felony and a violent felony as merged into a single aggregate sentence as required by Penal Law § 70.30 (1) (b), and determining his DLRA eligibility on that basis, do not constitute an addition to, or alteration of, a sentence, and do not deprive defendant of due process or violate CPL 430.10. Concur—Mazzarelli, J.P., McGuire, DeGrasse, Freedman and Richter, JJ.