■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SANDERS, Appellant. [829 NYS2d 187]—

Appeal by the defendant from an order of the County Court, Suffolk County (Gazzillo, J.), dated February 8, 2006, which, after a hearing, denied his application to be resentenced pursuant to section 1 of chapter 643 of the Laws of 2005.

Ordered that the order is affirmed.

The Drug Law Reform Act (L 2004, ch 738; hereinafter the 2004 DLRA) established a new sentencing structure for laws which had been enacted in 1973 and were commonly referred to as the Rockefeller Drug Laws. The 2004 DLRA was effective January 13, 2005, and was to be applied prospectively (L 2004, ch 738, § 41 [d-1]). A subsequent enactment of the Legislature in 2005, effective October 29, 2005, retroactively extended the revised sentencing provisions of the 2004 DLRA to certain qualified inmates who had been previously convicted of class A-II felonies (L 2005, ch 643, § 1; hereinafter the 2005 DLRA).

Section 1 of the 2005 DLRA provides in relevant part that: "any person in the custody of the department of correctional services convicted of a class A-II felony offense defined in article 220 of the penal law which was committed prior to the effective date of this section, and who was sentenced thereon to an indeterminate term of imprisonment with a minimum period not less than three years . . . and who is more than twelve months from being an eligible inmate as that term is defined in subdivision 2 of section 851 of the correction law, and *who meets the eligibility requirements of paragraph (d) of subdivision 1 of section 803 of the correction law* may, upon notice to the appropriate district attorney, apply to be resentenced in accordance with section 70.71 of the penal law in the court which imposed the original sentence" (emphasis added).

The 2005 DLRA vests in the sentencing court the authority to exercise its discretion in considering an application of an inmate for resentencing if that inmate, inter alia, meets the "eligibility requirements" of Correction Law § 803 (1) (d), as defined in clauses (i) and (ii) which provide, in relevant part, that:

"(i) Except as provided in subparagraph (ii) of this paragraph,

*every person under the custody of the department* . . . serving an indeterminate sentence of imprisonment with a minimum period of one year or more . . . imposed pursuant to section 70.70 or 70.71 of the penal law, may earn a merit time allowance.

(ii) Such merit time allowance shall not be available to any person serving an indeterminate sentence authorized for an A-I felony offense . . . or any sentence imposed for a violent felony offense as defined in section 70.02 of the penal law, manslaughter in the second degree, vehicular manslaughter in the second degree, vehicular manslaughter in the first degree, criminally negligent homicide, an offense defined in article one hundred thirty of the penal law, incest, or an offense defined in article two hundred sixty-three of the penal law, or aggravated harassment of an employee by an inmate" (emphasis added).

Contrary to the People's contention, the reference in the 2005 DLRA to the "eligibility requirements" of Correction Law § 803 (1) (d), does not preclude a defendant from whom a merit time allowance has been withheld pursuant to Correction Law § 803 (1) (d) (iv), from seeking resentencing under the 2005 DLRA (*see People v Quinones,* 11 Misc 3d 582, 595-596 [2005]). The proscription under Correction Law § 803 (1) (d) (iv) which provides that such allowance "shall be withheld for any serious disciplinary infraction" applies only to inmates who were eligible to earn an allowance, in the first instance, pursuant to Correction Law § 803 (1) (d) (i) and (ii) and who may have been granted such allowance in the discretion of the Department of Correctional Services (hereinafter the DOCS), if that eligible inmate, inter alia, successfully participated in the work and treatment program assigned pursuant to Correction Law § 805. To adopt the People's interpretation of that provision of the 2005 DLRA which refers to Correction Law § 803 (1) (d) would vest the authority for resentencing in the DOCS rather than in the sentencing court, a result the Legislature clearly could not have intended.

Here, the defendant was statutorily eligible to earn a merit time allowance under Correction Law § 803 (1) (d) (i) and (ii). Further, it is undisputed that the defendant also met the other requirements set forth in section 1 of the 2005 DLRA defining those inmates who are entitled to apply for resentencing. Thus, the County Court correctly determined that the defendant was within the category of offenders eligible to be considered for resentencing under the 2005 DLRA.

In any event, the County Court, after a hearing, providently exercised its discretion in denying the application. The defendant is a second felony offender with a prior criminal history

dating back to 1988, including other controlled substance offenses. At the hearing, the defendant showed no remorse, but instead, continued to deny his guilt in the underlying conviction notwithstanding his plea of guilty. Moreover, after only 11 months of incarceration, the defendant received a disciplinary ticket for drug use, a Tier 3 infraction, and was confined to a special housing unit for at least 60 days. Such an infraction constitutes a "serious disciplinary infraction" under Correction Law § 803 (1) (d) (iv) for which a merit time allowance shall be withheld. The County Court, in the exercise of its discretion under the 2005 DLRA, properly considered, inter alia, the defendant's record of confinement (*see People v Arana*, 32 AD3d 305, 307 [2006]; *People v Quinones, supra* at 600 n 15), lack of remorse, and extensive criminal history. Under these circumstances, substantial justice dictated that the application be denied (*see* L 2005, ch 643, § 1; *People v Arana, supra*). Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.