██ The People of the State of New York, Respondent, v Henry Vega, Appellant. [836 NYS2d 685]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Eng, J.), dated January 18, 2006, which, after a hearing, denied his motion to be resentenced pursuant to section 23 of Chapter 738 of the Laws of 2004.

Ordered that the order is affirmed.

The Drug Law Reform Act (L 2004, ch 738 [hereinafter the DLRA]) established a new sentencing structure for laws which had been enacted in 1973 and were commonly referred to as the Rockefeller Drug Laws (L 1973, ch 276, § 19). DLRA § 23 provides that "any person" in the custody of the Department of Correctional Services convicted of a class A-I felony drug offense and sentenced to an indeterminate term of imprisonment of not less than 15 years may apply to be resentenced in accordance with the provisions of Penal Law § 70.71 (*see* L 2004, ch 738, § 23). Under the statute, the court may: "consider any facts or circumstances relevant to the imposition of a new sentence which are submitted by such person or the people and may, in addition, consider the institutional record of confinement of such person . . . Upon its review of the submissions and the findings of fact made in connection with the application, the court shall, unless substantial justice dictates that the application should be denied, in which event the court shall issue an order denying the application, specify and inform such person of the term of a determinate sentence of imprisonment it would impose upon such conviction" (L 2004, ch 738, § 23) (emphasis added).

The Supreme Court, after a hearing, providently exercised its discretion in denying the defendant's motion to be resentenced. The defendant is a second felony offender with a prior criminal history dating back to 1988, including convictions of other controlled substance offenses, and he was subsequently convicted of murder in the second degree. Moreover, his prison disciplinary record was poor. Under these circumstances, substantial

justice dictated that the motion be denied (*see People v Sanders,* 36 AD3d 944 [2007]; *People v Gonzalez,* 29 AD3d 400 [2006]; *People v Quinones,* 11 Misc 3d 582, 601 [2005]). Miller, J.P., Ritter, Covello and Balkin, JJ., concur.