■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CASTANO BISPO, Appellant. [849 NYS2d 292]—Appeal by the defendant from an order of the Supreme Court, Queens County (Hollie, J.), dated August 14, 2006, which denied his motion for resentencing pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643) on his conviction of criminal possession of a controlled substance in the second degree, which sentence was originally imposed, upon his plea of guilty, on March 29, 2004.

Ordered that the notice of appeal from a transcript of the same court dated March 9, 2006, is deemed to be a premature notice of appeal from the order dated August 14, 2006; and it is further,

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

An enactment of the Legislature in 2005, effective October 29, 2005, retroactively extended the revised sentencing provisions of the Drug Law Reform Act of 2004 (L 2004, ch 738) to certain qualified inmates who had been previously convicted of class A-II felonies (L 2005, ch 643, § 1; hereinafter the 2005 DLRA). The 2005 DLRA vests in the sentencing court the authority to exercise its discretion in considering an inmate's application for resentencing if that inmate, inter alia, meets the eligibility requirements of Correction Law § 803 (1) (d), which are defined in subparagraphs (i) and (ii) of that section (*see People v Sanders,* 36 AD3d 944, 945 [2007]).

Contrary to the People's contention, a defendant from whom a merit time allowance has been withheld pursuant to Correction Law § 803 (1) (d) (iv), is not precluded from seeking resentencing under the 2005 DLRA (*see People v Sanders,* 36 AD3d at 946; *People v Quinones,* 11 Misc 3d 582, 595-596 [2005]; *cf. People v Paniagua,* 45 AD3d 98 [2007], *lv denied* 9 NY3d 992 [2007]). "The proscription under Correction Law § 803 (1) (d) (iv) which provides that such allowance 'shall be withheld for any serious disciplinary infraction' applies only to inmates who were eligible to earn an allowance, in the first instance, pursuant to Correction Law § 803 (1) (d) (i) and (ii)" (*People v Sanders,* 36 AD3d at 946). Here, the defendant was statutorily eligible to earn a merit time allowance under Correction Law § 803 (1) (d) (i) and (ii). Since it is undisputed that the defendant also met the other relevant requirements set forth in the 2005 DLRA, the Supreme Court erred in determining that the defendant was not eligible to be considered for resentencing under the 2005 DLRA. Rivera, J.P., Spolzino, Carni and McCarthy, JJ., concur.