THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHORIN FLORES, Appellant. [856 NYS2d 668]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Lott, J.), dated July 18, 2006, which, after a hearing, denied his application to be resentenced pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643).

Ordered that the order is affirmed.

The Drug Law Reform Act of 2004 (L 2004, ch 738; hereinafter the 2004 DLRA) established a new sentencing structure for laws which were enacted in 1973 and were commonly referred to as the Rockefeller Drug Laws. The 2004 DLRA was effective January 13, 2005, and was to be applied prospectively (L 2004, ch 738, § 41 [d-1]). A subsequent enactment of the Legislature, effective October 29, 2005, retroactively extended the revised sentencing provisions of the 2004 DLRA to certain qualified inmates who had been previously convicted of class A-II felonies (L 2005, ch 643, § 1; hereinafter the 2005 DLRA).

The Supreme Court, after a hearing, providently exercised its discretion in denying the defendant's application to be resentenced pursuant to the 2005 DLRA. The defendant is a second felony offender with a prior criminal history dating back to 1994, including a prior violent felony conviction (*see People v Alvarado,* 48 AD3d 329 [2008]; *People v Sanders,* 36 AD3d 944, 946-947 [2007]). Moreover, despite the defendant's positive achievements while incarcerated, he also has a poor prison disciplinary record (*see People v Rivers,* 43 AD3d 1247, 1248 [2007]; *People v Vega,* 40 AD3d 1020, 1020-1021 [2007]).

The 2005 DLRA expressly provides that the court may consider the institutional record of confinement of a person seeking to be resentenced thereunder (*see* Drug Law Reform Act, L 2005, ch 643, § 1; *People v Vega,* 40 AD3d at 1020-1021;

*People v Sanders*, 36 AD3d 944 [2007]; *People v Quinones*, 11 Misc 3d 582, 600 n 15 [2005]). Here, during approximately 5¹/₃ years of incarceration, the defendant received six disciplinary tickets, including one for alcohol use, a Tier 3 infraction, for which he was confined to a special housing unit for 60 days (*see* 7 NYCRR 280.2 [b] [2] [xii]). The defendant also received disciplinary sanctions which totaled 60 days of keeplock time for five other disciplinary infractions, including violation of rules 104.11 (violent conduct), 104.13 (creating a disturbance), and 100.13 (fighting) (*see* 7 NYCRR 280.2 [b] [3]).

Accordingly, under these circumstances, substantial justice dictated that the application be denied (*see* L 2005, ch 643, § 1).

Contrary to the defendant's contention, the Supreme Court did not determine that he did not meet the "eligibility requirements" of Correction Law § 803 (1) (d). Fisher, J.P., Miller, Carni and Dickerson, JJ., concur.