■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO GRANT, Appellant. [865 NYS2d 330]—

Appeals by the defendant (1) from an order of the County Court, Rockland County (Resnik, J.), dated June 28, 2005, and (2), as limited by his brief, from so much of an order of the same court (Bartlett, J.), dated April 25, 2007, as denied that branch of his motion which was for resentencing pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643), on his conviction of criminal sale of a controlled substance in the second degree under indictment No. 03-00281, assault in the second degree under indictment No. 03-00470, and assault in the second degree under indictment No. 03-00471, which sentences were originally imposed, upon his pleas of guilty, on March 16, 2004.

Ordered that the appeal from the order dated June 28, 2005 is dismissed as abandoned; and it is further,

Ordered that the order dated April 25, 2007 is affirmed insofar as appealed from.

Pursuant to a plea agreement covering three indictments, the defendant pleaded guilty to the class A-II felony of criminal sale of a controlled substance in the second degree (see Penal Law § 220.41 [1]) and two counts of assault in the second degree (see Penal Law § 120.05 [2]). He was sentenced to an indeterminate term of seven years' to life imprisonment on the narcotics count and two determinate terms of five years' imprisonment on the assault counts. The term of imprisonment on the assault counts were to run concurrently with each other and consecutively to the term of imprisonment on the narcotics count.

The Drug Law Reform Act of 2005 (L 2005, ch 643, § 1 [hereinafter the 2005 DLRA]), enacted by the Legislature in 2005, and effective October 29, 2005, retroactively extended the revised sentencing provisions of the Drug Law Reform Act of 2004 (L 2004, ch 738) to certain qualified inmates who had been previously convicted of class A-II felonies. The 2005 DLRA vests in the sentencing court the authority to exercise its discretion

in considering an inmate's application for resentencing if that inmate, among other criteria, meets the eligibility requirements of Correction Law § 803 (1) (d) for a merit time allowance, which are defined in clauses (i) and (ii) of that paragraph (*see People v Bispo,* 47 AD3d 641, 642 [2008]; *People v Sanders,* 36 AD3d 944, 945 [2007]). Correction Law § 803 (1) (d) (ii) provides that a merit time allowance is not available to any person serving a sentence for, among other things, a violent felony offense as defined in Penal Law § 70.02.

Assault in the second degree is classified as a violent felony offense (*see* Penal Law § 70.02 [1] [c]; § 120.05 [2]). Since the defendant is serving a sentence for a violent felony offense, he is not eligible for a merit time allowance, and therefore, does not fall within the class of inmates eligible for resentencing pursuant to the 2005 DLRA (*see People v Quinones,* 49 AD3d 323, 324 [2008]; *People v Merejildo,* 45 AD3d 429, 430 [2007]).

The defendant's remaining contentions are without merit. Spolzino, J.P., Florio, Miller and Leventhal, JJ., concur.