■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID PEÑA, Appellant. [866 NYS2d 37]—

Order, Supreme Court, New York County (Robert H. Straus, J.), entered on or about June 20, 2007, which denied defendant's motion for resentencing under the 2005 Drug Law Reform Act (L 2005, ch 643), unanimously affirmed.

The court properly exercised its discretion in determining that substantial justice dictated the denial of the application. Defendant's record of increasingly serious crimes, along with his illegal reentry into the United States and resumption of drug trafficking after being deported for such activity, outweighed evidence of his rehabilitation while incarcerated (*see People v Alcaraz*, 46 AD3d 253 [2007]). In denying resentencing, the court properly considered the totality of circumstances and did not rely solely on defendant's advantageous plea bargain (*see People v Jones*, 50 AD3d 282 [2008]). Concur—Saxe, J.P., Catterson, McGuire, Acosta and DeGrasse, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO LACAYO, Appellant. [864 NYS2d 772]—Judgment, Supreme Court, Bronx County (John A. Barone, J.), rendered June 3, 2005, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, and sentencing him to a term of 12 years, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

We perceive no basis for reducing the sentence.

As the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]), providing for the imposition of a DNA databank fee, that fee should not have been imposed. Concur—Saxe, J.P., Catterson, McGuire, Acosta and DeGrasse, JJ.