■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PEREZ, Appellant. [870 NYS2d 418]—

The Supreme Court providently exercised its discretion in denying the defendant's motion for resentencing pursuant to the Drug Law Reform Act of 2005 (L 2005, ch 643; hereinafter the 2005 DLRA) on substantial justice grounds. The defendant has a prior criminal history dating back to 1987, which includes two drug-related felonies. Moreover, the 2005 DLRA expressly permits the court to consider the institutional record of confinement of the person seeking resentencing (*see* Drug Law Reform Act, L 2005, ch 643, § 1; *People v Flores*, 50 AD3d 1156 [2008]; *People v Vega*, 40 AD3d 1020, 1020-1021 [2007]). Here, during approximately six years of incarceration, the defendant received disciplinary tickets for six tier III and 10 tier II infractions, which included testing positive for cocaine use, possession of heroin, fighting with a fellow inmate, possession of a sharpened metal rod known as a "shank," and possession of gang-related materials. Under these circumstances, the court properly concluded that substantial justice dictated the denial of the defendant's resentencing motion (*see* L 2005, ch 643, § 1; *People v Curry*, 52 AD3d 732 [2008]; *People v Flores*, 50 AD3d 1156, 1157 [2008]; *People v Stamps*, 50 AD3d 827, 827-828 [2008]; *People v Rivers*, 43 AD3d 1247 [2007]; *People v Vega*, 40 AD3d 1020, 1020-1021 [2007]; *People v Sanders*, 36 AD3d 944 [2007]). Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur. [*See* 18 Misc 3d 1119(A), 2008 NY Slip Op 50128(U).]