■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOAQUIN WINFIELD, Appellant. [874 NYS2d 225]—

Appeal by the defendant from an order of the County Court, Suffolk County (J. Doyle, J.), dated November 2, 2005, which, after a hearing, denied his motion for resentencing pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738) on his conviction of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, unlawful possession of a weapon in the fourth degree, and criminally using drug paraphernalia in the second degree, which sentence was originally imposed, upon a jury verdict, on August 12, 1997.

Ordered that the order is affirmed.

The Drug Law Reform Act of 2004 (L 2004, ch 738; hereinafter the 2004 DLRA) established a new sentencing structure for laws which were enacted in 1973 and were commonly referred to as the Rockefeller Drug Laws (*see* L 1973, ch 276, § 19). The 2004 DLRA became effective January 13, 2005, and was to be applied prospectively (L 2004, ch 738, § 41 [d-1]). A subsequent enactment of the Legislature, effective October 29, 2005, retroactively extended the revised sentencing provisions of the 2004 DLRA to certain qualified inmates who previously had been convicted of class A-II felonies (L 2005, ch 643, § 1).

The County Court, after a hearing, providently exercised its discretion in denying the defendant's motion to be resentenced. The defendant has an extensive prior criminal history dating back to 1982 and was subjected to disciplinary action 53 times while incarcerated. Under these circumstances, substantial

justice dictated that the motion be denied (*see* L 2005, ch 643, § 1; *People v Flores*, 50 AD3d 1156 [2008]; *People v Sanders*, 36 AD3d 944, 946 [2007]). Skelos, J.P., Dillon, Angiolillo and Eng, JJ., concur.