■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHID KHAN, Appellant. [876 NYS2d 96]—

Appeal by the defendant from a resentence of the Supreme Court, Queens County (Eng, J.), dated January 9, 2006, pursuant to the Drug Law Reform Acts of 2004 and 2005 (L 2004, ch 738, § 23; L 2005, ch 643, § 1), imposed after a hearing, upon his conviction of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree, and conspiracy in the second degree (two counts), upon a jury verdict.

Ordered that the resentence is affirmed.

The defendant originally was sentenced to indeterminate prison terms of 18 years to life upon his conviction of criminal sale of a controlled substance in the first degree, five years to life for criminal possession of a controlled substance in the second degree, and 7 to 21 years for conspiracy in the second degree, with all sentences to run concurrently with each other. He also was sentenced to an indeterminate prison term of 6 to 18 years for a second count of conspiracy in the second degree, and that sentence was to run consecutively with the other terms.

At a resentencing hearing pursuant to the Drug Law Reform Acts of 2004 and 2005 (*see* L 2004, ch 738, § 23; L 2005, ch 643, § 1), the Supreme Court properly considered all the relevant factors in determining only to reduce the defendant's sentence upon his convictions of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the second degree to concurrent determinate terms of 11 years and 5 years, respectively (*see People v Flores,* 50 AD3d 1156, 1156-1157 [2008]; *People v Stamps,* 50 AD3d 827, 827-828 [2008]; *People v Bispo,* 47 AD3d 641 [2008]; *People v Vega,* 40 AD3d 1020, 1020 [2007]; *People v Sanders,* 36 AD3d 944 [2007]). The Supreme Court properly considered the large quantity of drugs involved and the defendant's conviction of conspiracy to import drugs in resentencing him to more than the minimum allowable by law (*see People v Stamps,* 50 AD3d 827 [2008]; *People v Valencia,* 30 AD3d 636, 637 [2006]).

The Supreme Court's continued imposition of consecutive sentences was proper (*see People v Vaughan,* — AD3d —, 2009 NY Slip Op 02394 [2d Dept Mar. 24, 2009]). Rivera, J.P., Ritter, Covello and Angiolillo, JJ., concur.