■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT COLON, Appellant. [909 NYS2d 144]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated January 27, 2010, which, after a hearing, denied his motion to be resentenced pursuant to CPL 440.46.

Ordered that the order is affirmed.

The defendant was indicted for various gun and drug offenses. On February 8, 2005, he was convicted, upon his plea of guilty, to one count of criminal sale of a controlled substance in the third degree (a class B felony), in full satisfaction of the indictment. On May 13, 2005, he was sentenced, as a second felony offender, to an indeterminate term of imprisonment of

4½ to 9 years. Subsequently, on October 27, 2009, the defendant moved to be resentenced pursuant to CPL 440.46, which extended the availability of reduced sentencing under the Drug Law Reform Act of 2004 (L 2004, ch 738) to individuals convicted of class B drug felonies (*see* L 2004, ch 738, § 23; L 2005, ch 643, § 1).

Although the defendant was eligible for resentencing, after a hearing, the Supreme Court denied the motion. The Supreme Court held, in effect, that based upon the defendant's past criminal record, past use of firearms, previous violations of both probation and parole, and nine disciplinary citations while incarcerated for the underlying offense, substantial justice dictated that the defendant's motion be denied.

The Supreme Court did not improvidently exercise its discretion in denying the defendant's motion to be resentenced. The defendant is a second felony offender with a lengthy criminal history dating back to 1995, which includes three felony convictions for the sale or felonious possession of narcotics. He also has been found in possession of loaded handguns on three distinct occasions and on two of these occasions he fired the guns, once at a person (himself, in a suicide attempt) and, in this case, at a car. The defendant was convicted of a narcotics felony while on probation, and he incurred nine disciplinary citations while incarcerated. Under these circumstances, the Supreme Court properly denied his motion for resentencing (*see People v Winfield*, 59 AD3d 747 [2009]; *People v Curry*, 52 AD3d 732 [2008]; *People v Flores*, 50 AD3d 1156 [2008]). Fisher, J.P., Dillon, Florio and Lott, JJ., concur.