■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN WITKOWSKI, Appellant. [918 NYS2d 367]—

The defendant was convicted, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (*see* Penal Law § 220.16), based on an offense committed in 2003, and was sentenced in October 2004 to an indeterminate term of 6 to 12 years of imprisonment. In January 2010 the defendant moved to be resentenced pursuant to CPL 440.46, which extends to certain eligible individuals in the custody of the Department of Correctional Services who were convicted of a class B felony offense defined in Penal Law article 220 committed prior to January 13, 2005, the opportunity to seek a resentence in accordance with the resentencing provisions of the Drug Law Reform Act of 2004 (*see* CPL 440.46 [1], [3]; L 2004, ch 738, § 23). The Supreme Court denied the defendant's motion.

The defendant had an extensive criminal history dating back to 1996, and the instant offense was committed two months after he was released on parole. Moreover, during the defendant's incarceration, he has committed numerous tier III and tier II infractions, including, among other things, carrying a concealed razor, fighting with fellow inmates, setting another inmate's bed on fire, and possession of gang-related materials. Under these circumstances, the Supreme Court providently exercised its discretion in denying the defendant's motion (*see* CPL 440.46 [3]; L 2004, ch 738, § 23; *People v Winfield*, 59 AD3d 747, 748

[2009]; *People v Perez*, 57 AD3d 921, 922 [2008]; *People v Flores*, 50 AD3d 1156 [2008]; *People v Vega*, 40 AD3d 1020, 1020-1021 [2007]; *People v Sanders*, 36 AD3d 944 [2007]). Prudenti, P.J., Eng, Belen and Sgroi, JJ., concur.