■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE DENNIS, Appellant. [921 NYS2d 879]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Parker, J.), dated January 13, 2010, which denied his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed, as a second felony offender, upon his plea of guilty, on August 8, 2002.

Ordered that the order is affirmed.

Contrary to the People's contention, while a person's status as a parole violator may be relevant in determining whether "substantial justice dictates that the application should be denied" on the merits (L 2004, ch 738, § 23; *see* CPL 440.46 [3]), the defendant's status as a reincarcerated parole violator

did not render him ineligible to apply for resentencing pursuant to CPL 440.46 (*see People v Johnson*, 83 AD3d 734 [2011]; *People v Phillips*, 82 AD3d 1011 [2011]). However, given the defendant's lengthy criminal history, his history of committing crimes while on probation and parole, his record of committing prison disciplinary violations, and his lack of remorse, the Supreme Court properly determined that substantial justice dictated that the defendants' motion should be denied (*see People v Colon*, 77 AD3d 849, 850 [2010]; *People v Winfield*, 59 AD3d 747, 747-748 [2009]; *People v Curry*, 52 AD3d 732 [2008]; *People v Flores*, 50 AD3d 1156, 1157 [2008]; *People v Sanders*, 36 AD3d 944, 946-947 [2007]). Rivera, J.P., Skelos, Sgroi and Miller, JJ., concur.