The People of the State of New York, Appellant, v Andrew Brown, Respondent. [923 NYS2d 866]—Appeal by the People from a resentence of the Supreme Court, Queens County (Latella, J.), imposed April 12, 2010, pursuant to CPL 440.46, upon the defendant's conviction of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, upon a jury verdict.

Ordered that the resentence is affirmed.

Contrary to the People's contention, the defendant's status as a reincarcerated parole violator did not render him ineligible to

apply for resentencing pursuant to CPL 440.46 (*see People v Johnson*, 83 AD3d 734 [2d Dept 2011]; *People v Phillips*, 82 AD3d 1011 [2011], *lv granted* 16 NY3d 834 [2011]). "While a person's status as a parole violator may be relevant in determining whether 'substantial justice dictates that the application should be denied' on the merits (L 2004, ch 738, § 23; *see* CPL 440.46 [3]), nothing in CPL 440.46 supports a conclusion that such status renders a person ineligible to apply for resentencing in the first instance" (*People v Phillips*, 82 AD3d at 1012). Dillon, J.P., Balkin, Eng and Roman, JJ., concur.