■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDUL KARIM, Appellant. [925 NYS2d 835]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Guzman, J.), dated August 20, 2010, which, after a hearing, denied his motion for resentencing pursuant to CPL 440.46 on his convictions of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the fourth degree, which sentence was originally imposed, upon a jury verdict, on June 23, 1988.

Ordered that the order is affirmed.

Pursuant to CPL 440.46, upon a resentencing application by a person in the custody of the Department of Correction, the motion court may "consider any facts or circumstances relevant to the imposition of a new sentence which are submitted by such person or the people and may, in addition, consider the

institutional record of confinement of such person . . . Upon its review of the submissions and the findings of fact made in connection with the application, the court shall, unless substantial justice dictates that the application should be denied, in which event the court shall issue an order denying the application, specify and inform such person of the term of a determinate sentence of imprisonment it would impose upon such conviction" (L 2004, ch 738, § 23; *see* CPL 440.46 [3]). Inasmuch as a qualifying motion pursuant to CPL 440.46 "should be granted unless 'substantial justice dictates that [it] should be denied' " (*People v Braithwaite*, 62 AD3d 1019, 1021 [2009], quoting L 2004, ch 738, § 23), "consistent with the statutory language, case law indicates a presumption in favor of granting a motion for resentencing relief absent a showing that substantial justice dictates the denial thereof" (*People v Beasley*, 47 AD3d 639, 641 [2008]).

The defendant is a second felony offender with a prior violent felony (*see People v Flores*, 50 AD3d 1156, 1156 [2008]). The instant offense was committed when the defendant was on parole (*see People v Rivera*, 84 AD3d 980 [2d Dept 2011]; *People v Dennis*, 84 AD3d 834 [2d Dept 2011]). Moreover, notwithstanding his positive accomplishments while incarcerated, the defendant has committed numerous tier II and tier III infractions during his time in prison (*see People v Witkowski*, 82 AD3d 913, 913 [2011]; *People v Pipkin*, 77 AD3d 770, 770-771 [2010]; *People v Flores*, 50 AD3d at 1156-1157; *People v Winfield*, 59 AD3d 747, 747-748 [2009]). Under these circumstances, the Supreme Court providently exercised its discretion in determining that substantial justice dictated that the defendant's motion for resentencing pursuant to CPL 440.46 should be denied. Rivera, J.P., Florio, Dickerson and Eng, JJ., concur.