■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN BROWNE, Appellant. [925 NYS2d 884]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Guzman, J.), dated June 30, 2010, which denied his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed, upon his plea of guilty, on June 30, 1988.

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the defendant's motion.

The defendant, at the time that he made his motion pursuant to CPL 440.46, was incarcerated as a result of a prior parole violation. This did not disqualify him from seeking relief under the terms of that statute (*see People v Dennis*, 84 AD3d 834 [2011]; *People v Degrafinreid*, 84 AD3d 831 [2011]; *People v Johnson*, 83 AD3d 734 [2011]; *People v Phillips*, 82 AD3d 1011 [2011], *lv granted* 16 NY3d 834 [2011]; *but see People v Cuello*, 77 AD3d 500 [2010]; *People v Pratts*, 74 AD3d 536 [2010], *lv granted* 15 NY3d 895 [2010]; *People v Paulin*, 74 AD3d 685

[2010], *lv granted* 15 NY3d 854 [2010]). Moreover, contrary to the People's contention, the appeal has not been rendered academic by the defendant's release to parole after filing his motion for resentencing (*see People v Overton*, 86 AD3d 4 [2d Dept 2011]; *but see People v Santiago*, 77 AD3d 407 [2010], *lv granted* 16 NY3d 799 [2011]; *People v Orta*, 73 AD3d 452 [2010]).

Accordingly, the matter must be remitted to the Supreme Court, Kings County, for further proceedings on the defendant's motion. Dillon, J.P., Leventhal, Hall and Lott, JJ., concur.