The People of the State of New York, Respondent, v Tony Hickman, Appellant. [925 NYS2d 865]—

Appeal by the defendant from an order of the Supreme Court, Kings County (J. Goldberg, J.), dated December 11, 2009, which denied his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal possession of a controlled substance in the third degree (two counts) and unlawful possession of marijuana, which sentence was originally imposed, upon a jury verdict, on June 2, 2004.

Ordered that the order is affirmed.

The Supreme Court providently exercised its discretion in denying the defendant's motion for resentencing pursuant to CPL 440.46. The defendant's criminal history includes a conviction for the violent felony offense of attempted robbery in the second degree, and convictions of robbery in the third degree and assault in the third degree. The defendant also has a history of violating probation, and the instant drug felonies arise from his possession of a significant quantity of cocaine. Further, the defendant absconded during the trial in the instant case, and remained at liberty for over five months until he was involuntarily returned on a warrant. While the defendant submitted evidence that he has made rehabilitative efforts during his incarceration, his institutional record is marred by a serious tier III disciplinary infraction arising from the discovery of a sharpened metal rod known as a "shank" hidden inside the padding of his mattress. Under these circumstances, the Supreme Court properly concluded that substantial justice dictated the denial of resentencing (*see People v Rivera*, 84 AD3d 980 [2011]; *People v Dennis*, 84 AD3d 834 [2011]; *People v Rodriguez*, 83 AD3d 419 [2011]; *People v Colon*, 77 AD3d 849, 850

[2010]; *People v Perez,* 57 AD3d 921, 922 [2008]; *People v Curry,* 52 AD3d 732 [2008]; *People v Ciriaco,* 46 AD3d 374, 375 [2007]; *People v Sanders,* 36 AD3d 944, 946-947 [2007]). Rivera, J.P., Eng, Roman and Miller, JJ., concur.