■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL WILSON, Appellant. [925 NYS2d 877]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Guzman, J.), dated March 26, 2010, which denied, without a hearing, his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed, upon his plea of guilty, on August 29, 2002.

Ordered that the order is affirmed.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his motion for resentencing on substantial justice grounds (*see* CPL 440.46 [3]; L 2004, ch 738, § 23; *People v Pipkin*, 77 AD3d 770 [2010]). While on release from parole, stemming from a conviction of attempted robbery in the third degree, the defendant committed the drug offense that is the subject of this appeal. The defendant was afforded the opportunity to avoid prison time by having his plea of guilty to the drug offense vacated, and the charge dismissed, if he completed a drug treatment program. The defendant, however, never reported to the drug treatment program. Instead, after being released on his own recognizance, the defendant absconded to Oneida County, where he was later arrested on a charge of forgery in the second degree. The de-

fendant pleaded guilty to that charge, and was returned to Kings County for sentencing on the instant drug offense, receiving an indeterminate term of imprisonment of 5 to 10 years. As of the date that the defendant submitted the instant motion for resentencing, he had been issued 39 prison disciplinary tickets during the less than 9 years he had been incarcerated, including tickets for possession of a weapon and gang activity. Under these circumstances, substantial justice warrants the denial of the motion (see *People v Rivera*, 84 AD3d 980 [2011]; *People v Witkowski*, 82 AD3d 913 [2011]; *People v Colon*, 77 AD3d 849 [2010]; *People v Pipkin*, 77 AD3d at 770-771; *People v Winfield*, 59 AD3d 747, 747-748 [2009]; *cf. People v Beasley*, 47 AD3d 639, 641 [2008]) and we, thus, decline to disturb the Supreme Court's determination. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.