No opinion. Dillon, J.P., Florio, Chambers and Sgroi, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAR MILLER, Appellant. [931 NYS2d 391]—

A defendant who is eligible for resentencing pursuant to CPL 440.46 enjoys "a presumption in favor of granting a motion for resentencing relief absent a showing that substantial justice dictates the denial thereof" (*People v Beasley*, 47 AD3d 639, 641 [2008]; *see* CPL 440.46 [3]; L 2004, ch 738, § 23). However, resentencing is not automatic, and the determination is left to the discretion of the Supreme Court (*see People v Beasley*, 47 AD3d at 641; *People v Vega*, 40 AD3d 1020, 1020-1021 [2007]). In exercising its discretion, a court may "consider any facts or circumstances relevant to the imposition of a new sentence which are submitted by [the defendant] or the people" (L 2004, ch 738, § 23), including the defendant's institutional record of confinement, the defendant's prior criminal history, the severity of the current offense, whether the defendant has shown remorse, and whether the defendant has a history of parole or probation violations (*see People v Overton*, 86 AD3d 4, 12 [2011], *lv denied* 17 NY3d 820 [2011]; *People v Dennis*, 84 AD3d 834, 835 [2011], *lv denied* 17 NY3d 805 [2011]).

Here, the Supreme Court properly considered, inter alia, the defendant's criminal history, including his juvenile delinquency adjudication for acts which, if committed by an adult, would have constituted the crime of manslaughter in the second degree (*see* Family Ct Act § 381.2 [2]; *see also People v Sapp*, 169 AD2d 659, 660 [1991]), his history of violating the terms of his probation, the severity of the instant offense, and his institutional record of confinement, which included two tier III and four tier II disciplinary infractions for, among other things, arson and fighting (*cf. People v Hickman*, 85 AD3d 1057, 1057-1058 [2011]). Under the circumstances, the Supreme Court did not improvidently exercise its discretion in concluding that substantial justice dictated the denial of the defendant's motion to be resentenced pursuant to CPL 440.46 (*see People v Karim*, 85 AD3d 943, 943-944 [2011], *lv denied* 17 NY3d 818 [2011]; *People v Colon*, 77 AD3d 849, 850 [2010]; *People v Curry*, 52 AD3d 732 [2008]; *People v Flores*, 50 AD3d 1156, 1157 [2008]; *People v Sanders*, 36 AD3d 944, 946-947 [2007]). Skelos, J.P., Chambers, Sgroi and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32904(U).]**