■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO AGUAYO, Appellant. [939 NYS2d 705]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated May 11, 2010 (*People v Aguayo*, 73 AD3d 938 [2010]), affirming two judgments of the Supreme Court, Queens County, both rendered October 23, 2008.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Dillon, J.P., Balkin, Lott and Sgroi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER ALVAREZ, Appellant. [939 NYS2d 704]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Sullivan, J.), entered February 4, 2011, which denied his motion for resentencing pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in or near school grounds, which sentence was originally imposed, upon a jury verdict, on April 23, 1998.

Ordered that the order is affirmed.

The Supreme Court providently exercised its discretion in denying the defendant's motion for resentencing pursuant to CPL 440.46. In addition to having been previously convicted of a violent felony and having committed the instant crime while on parole, the defendant received disciplinary tickets for 27 tier III and 28 tier II infractions during his approximately 12 years of incarceration prior to making his motion for resentencing. These disciplinary tickets were issued for, among other things, possession of homemade weapons, drugs, and gang-related material, arson, fighting, stealing prison materials, and stalking. While the defendant's rate of receiving infractions decreased after his first several years of incarceration, he received disciplinary tickets for four tier III and two tier II infractions during the two years immediately preceding his application for resentencing. Under these circumstances, substantial justice dictated that the motion be denied (*see People v Hickman*, 85 AD3d 1057 [2011]; *People v Wilson*, 85 AD3d 1069, 1069-1070 [2011]; *People v Browning*, 84 AD3d 1263, 1264 [2011]; *People v Witkowski*, 82 AD3d 913 [2011]; *People v Pipkin*, 77 AD3d 770, 770-771 [2010]; *People v Flores*, 50 AD3d 1156, 1156-1157 [2008]). Dillon, J.P., Florio, Chambers and Lott, JJ., concur.