■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLY GREEN, Appellant. [941 NYS2d 858]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated December 15, 2010, which denied his motion for resentencing pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed, upon a jury verdict, on June 1, 1989.

Ordered that the order is affirmed.

Notwithstanding the defendant's positive achievements while incarcerated, the Supreme Court providently exercised its discretion in denying the defendant's motion for resentencing pursuant to CPL 440.46. The defendant had prior convictions for robbery in the second degree and assault in the second degree, and a prior juvenile delinquency adjudication for an act which, if committed by an adult, would have constituted the crime of murder in the second degree. In addition, the defendant received disciplinary tickets for 38 tier II and 7 tier III infractions during his incarceration, including multiple tickets for fighting, harassment, making threats, violent conduct, and lewd conduct. Under the circumstances, substantial justice dictated that the motion be denied (see People v Myles, 90 AD3d 952, 953-954 [2011]; People v Miller, 88 AD3d 1015, 1016 [2011], lv denied 18 NY3d 860 [2011]; People v Karim, 85 AD3d 943, 944 [2011]). Florio, J.P., Balkin, Lott and Miller, JJ., concur. **[Prior Case History: 30 Misc 3d 1204(A), 2010 NY Slip Op 52261(U).]**

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GRIGG, Appellant. [941 NYS2d 861]—Appeal by the defendant, as limited by his motion, from a resentence of the Supreme Court, Kings County (Sullivan, J.), imposed April 18, 2011, on the ground that the resentence was excessive.

Ordered that the resentence is affirmed.

The resentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Mastro, A.P.J., Florio, Balkin and Chambers, JJ., concur.