“A defendant who is eligible for resentencing pursuant to CPL 440.46 enjoys ‘a presumption in favor of granting a motion for resentencing relief absent a showing that substantial justice dictates the denial thereof ” (People v Gonzalez, 96 AD3d 875, 876 [2012], quoting People v Beasley, 47 AD3d 639, 641 [2008]; see CPL 440.46 [3]; L 2004, ch 738, § 23). “However, resentencing is not automatic, and the determination is left to the discretion of the Supreme Court” (People v Gonzalez, 96 AD3d at 876; see People v Beasley, 47 AD3d at 641). In exercising its discretion, a court may “consider any facts or circumstances relevant to the imposition of a new sentence which are submitted by [the defendant] or the people” (L 2004, ch 738, § 23), including the defendant’s institutional record of confinement, the defendant’s prior criminal history, the severity of the current offense, whether the defendant has shown remorse, and whether the defendant has a history of parole or probation violations (see People v Overton, 86 AD3d 4, 12 [2011]; People v Avila, 84 AD3d 1259 [2011]). A defendant’s status as a reincarcerated parole violator does not render him or her ineligible for relief pursuant to CPL 440.46 (see People v Paulin, 17 NY3d 238, 241-242 [2011]), but “may be relevant in determining whether substantial justice dictates that the application should be denied on the merits” (People v Phillips, 82 AD3d 1011, 1012 [2011] [internal quotation marks omitted]; see People v Brown, 84 AD3d 1262, 1263 [2011]).
Here, the defendant filed his motion to be resentenced after being reincarcerated on a parole violation stemming from his conviction of a narcotics felony committed while he was out on *1149 parole in connection with the instant offense. In addition to the instant narcotics felony, and the narcotics felony committed while on parole, the defendant had three prior felony convictions for narcotics offenses dating back to 1994. Each successive narcotics felony was committed while the defendant was on parole. The defendant’s institutional disciplinary record included five tier II infractions and two tier III infractions involving violent conduct, and he was removed from programs in prison on several occasions for disciplinary reasons. Although the defendant successfully completed an electrical trades program toward the end of his incarceration, and also completed substance abuse and anger management programs, the evidence of rehabilitation did not outweigh the seriousness of the instant offense and his lengthy criminal history, including the pattern of successive reoffense while on parole. Under the circumstances, substantial justice dictated that the motion be denied (see People v Gonzalez, 96 AD3d at 876; People v Avila, 84 AD3d at 1259; People v Rivera, 84 AD3d 980, 981 [2011]). Eng, P.J., Angiolillo, Sgroi and Hinds-Radix, JJ., concur.