Appeal by the defendant from an order of the Supreme Court, Queens County (Wong, J.), dated May 25, 2011, which, after a hearing, denied his motion for resentencing pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed, upon a jury verdict, on January 3, 1995.
Ordered that the order is affirmed.
A defendant who is eligible for resentencing pursuant to CPL 440.46 is entitled to “a presumption in favor of granting a motion for resentencing relief absent a showing that substantial *808 justice dictates the denial thereof’ (People v Beasley, 47 AD3d 639, 641 [2008]; see CPL 440.46 [3]; L 2004, ch 738, § 23). However, resentencing is not automatic, and the determination is left to the discretion of the Supreme Court (see People v Gonzalez, 96 AD3d 875, 876 [2012]; People v Beasley, 47 AD3d at 641). In exercising its discretion, a court may “consider any facts or circumstances relevant to the imposition of a new sentence which are submitted by [the defendant] or the people” (L 2004, ch 738, § 23), including the defendant’s institutional record of confinement, the defendant’s prior criminal history, the severity of the current offense, whether the defendant has shown remorse, and whether the defendant has a history of parole or probation violations (see People v Overton, 86 AD3d 4, 12 [2011]).
As the defendant correctly contends, in denying his motion for resentencing pursuant to CPL 440.46, the Supreme Court misapprehended the maximum available resentence. Specifically, the court indicated that the maximum available resentence was a determinate term of imprisonment of 12 years, with three years of postrelease supervision (hereinafter PRS). However, prior to his underlying conviction of criminal sale of a controlled substance in the third degree, the defendant was convicted of assault in the second degree. If the Supreme Court had adjudicated the defendant a second felony drug offender whose prior felony conviction was for a violent felony, he would have faced resentencing to a determinate term of imprisonment of between 6 and 15 years, with three years of PRS (see Penal Law § 70.70 [4] [a]; People v Dais, 19 NY3d 335, 339 [2012]).
Nevertheless, the Supreme Court’s error regarding the maximum available resentence does not warrant reversal. Considering all of the circumstances relevant to the defendant’s motion, including his several parole violations and disciplinary infractions committed while confined, the Supreme Court did not improvidently exercise its discretion in determining that substantial justice dictated that the defendant’s motion for resentencing pursuant to CPL 440.46 should be denied (see e.g. People v Gonzalez, 96 AD3d at 876; People v Rivera, 84 AD3d 980, 980-981 [2011]; People v Witkowski, 82 AD3d 913 [2011]). Rivera, J.P., Balkin, Leventhal and Hinds-Radix, JJ., concur.