■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERCILES CABRERA, Appellant. [959 NYS2d 534]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Guzman, J.), dated July 2, 2010, which, after a hearing, denied his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed, upon a jury verdict, on May 16, 1996.

Ordered that the order is affirmed.

As the People correctly concede, the Supreme Court erred in concluding that the defendant was ineligible for resentencing under CPL 440.46 by virtue of his parole violation (*see People v Paulin*, 17 NY3d 238, 242 [2011]).

However, in light of the defendant's extensive criminal history, pattern of committing crimes while on parole, and institutional record, which included 22 infractions, 8 of which were tier III infractions, the Supreme Court properly determined that, in any event, substantial justice dictated the denial of the defendant's motion for resentencing pursuant to CPL 440.46 (*see People v Franklin*, 101 AD3d 1148 [2012]; *People v Barnes*, 95 AD3d 1029, 1030 [2012]; *People v Alvarez*, 93 AD3d 674 [2012]; *People v Myles*, 90 AD3d 952, 954 [2011]). The evidence of the defendant's rehabilitation does not outweigh his criminal history, institutional record, and pattern of successive reoffenses

while on parole *(see People v Franklin*, 101 AD3d 1148 [2012]; *People v Curry*, 52 AD3d 732 [2008]). Rivera, J.P., Hall, Roman and Miller, JJ., concur.