Appeal by the defendant from an order of the Supreme Court, Queens County (Zayas, J.), dated July 3, 2012, which, after a hearing, denied his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed by the same court (Rotker, J.), upon a jury verdict, on June 10, 1993.
Ordered that the order is affirmed.
In a prior decision and order, this Court determined that the defendant was eligible for resentencing pursuant to CPL 440.46, and remitted the matter to the Supreme Court, Queens County, for further proceedings and a new determination of the defendant’s motion to be resentenced pursuant to CPL 440.46 (see People v Brown, 85 AD3d 940 [2011]). Upon remittal, the Supreme Court denied the defendant’s motion on substantial justice grounds.
In light of the defendant’s criminal history, which includes convictions of manslaughter in the first degree and manslaughter in the second degree, and his institutional record of confinement, which includes several tier II and tier III infractions involving violent conduct, the Supreme Court did not improvidently exercise its discretion in concluding that substantial justice dictated the denial of the defendant’s motion (see People v Cabrera, 103 AD3d 748 [2013]; People v Franklin, 101 AD3d 1148 [2012]; People v Hickman, 85 AD3d 1057 [2011]). Although the defendant successfully completed substance abuse, aggression replacement, and nonviolent conflict resolution programs while incarcerated, and pursued educational and vocational opportunities, this evidence does not outweigh the defendant’s violent felony convictions and violent institutional record (see *916 People v Cabrera, 103 AD3d 748 [2013]; People v Franklin, 101 AD3d at 1149). Skelos, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.