■ The People of the State of New York, Respondent, v Rolando Leon, Appellant. [9 NYS3d 885]—Appeal by the defendant from an order of the Supreme Court, Kings County (Marrus, J.), dated December 13, 2013, which, after a hearing, denied his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree (two counts), which sentence was originally imposed on October 24, 2003.

Ordered that the order is affirmed.

A defendant who is eligible for resentencing pursuant to CPL 440.46 enjoys "a presumption in favor of granting a motion for resentencing relief" (*People v Beasley*, 47 AD3d 639, 641 [2008]; *see* CPL 440.46 [3]; L 2004, ch 738, § 23). However, resentencing is not automatic, and may be denied upon a showing that "substantial justice dictates" such denial (*People v Beasley*, 47 AD3d at 641; *see* CPL 440.46 [3]; L 2004, ch 738, § 23; *People v Vega*, 40 AD3d 1020, 1020-1021 [2007]).

Here, considering all of the circumstances relevant to the de-

fendant's motion, including his conviction of a violent felony and his 24 tier III prison disciplinary infractions for, inter alia, possessing weapons and gang-related material, drug use, and drug smuggling, the Supreme Court did not improvidently exercise its discretion in determining that substantial justice dictated the denial of his motion for resentencing pursuant to CPL 440.46 (*see People v Darwin*, 102 AD3d 807, 808 [2013]; *People v Alvarez*, 93 AD3d 674 [2012]; *People v Karim*, 85 AD3d 943, 944 [2011]). Skelos, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.