■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SANCHEZ, Appellant. [52 NYS3d 499]—

Appeal by the defendant, as limited by his brief, from so much of an order of the Supreme Court, Kings County (D'Emic, J.), dated September 21, 2015, as, after a hearing, and, in effect, upon renewal, adhered to a prior determination of the same court in an order dated July 24, 2012, denying his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal possession of a controlled substance in the third degree, which sentence was originally imposed, upon a jury verdict, on March 24, 2003.

Ordered that the order dated September 21, 2015, is affirmed insofar as appealed from.

The defendant moved to be resentenced pursuant to CPL 440.46 on his conviction of criminal possession of a controlled substance in the third degree. In an order dated July 24, 2012, the Supreme Court denied that motion. The defendant thereafter, in effect, moved for leave to renew his motion to be resentenced. In the order appealed from, the Supreme Court, after a hearing, in effect, granted leave to renew, and, upon renewal, adhered to its prior determination in the order dated July 24, 2012, denying his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal possession of a controlled substance in the third degree. The defendant appeals.

The defendant moved to be resentenced pursuant to CPL 440.46, a statute which extended the availability of reduced sentencing under the Drug Law Reform Act of 2004 (L 2004, ch 738) to individuals convicted of class B drug felonies (see L 2004, ch 738, § 23; L 2005, ch 643, § 1; see also People v Gonzalez, 92 AD3d 798, 799 [2012]). The record demonstrates that the defendant incurred at least 25 Tier III infractions while he was incarcerated and tested positive for various controlled substances in the two years since he was released to community supervision. Under the circumstances, substantial justice dictated that the defendant should not be resentenced on his conviction of criminal possession of a controlled substance in the third degree (see People v Gonzalez, 92 AD3d at 799; People v Karim, 85 AD3d 943, 943-944 [2011]; People v Colon, 77 AD3d 849, 850 [2010]). Accordingly, the Supreme Court providently exercised its discretion when it, in effect, upon renewal, adhered to its prior determination in the order

dated July 24, 2012, denying the defendant's motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal possession of a controlled substance in the third degree. Dillon, J.P., Roman, Cohen and Miller, JJ., concur.