■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLY GOLO, Appellant. [55 NYS3d 441]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Margulis, J.), dated January 19, 2016, which, upon remittitur from the Court of Appeals (*see People v Golo*, 26 NY3d 358 [2015]), after a hearing, denied his motion pursuant to CPL 440.46 to be resentenced upon his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed, upon his plea of guilty, on June 7, 2004.

Ordered that the order is affirmed.

The 2009 Drug Law Reform Act, codified in CPL 440.46,

provides that "[a]ny person in the custody of the department of corrections and community supervision convicted of a class B felony offense defined in article two hundred twenty of the penal law which was committed prior to [January 13, 2005], who is serving an indeterminate sentence with a maximum term of more than three years, may . . . apply to be resentenced" (CPL 440.46 [1]). The defendant in this case was eligible for resentencing (see People v Golo, 26 NY3d 358, 361 [2015]).

The Supreme Court, after bringing the defendant before it and giving him an opportunity to be heard (see CPL 440.46 [3]; L 2004, ch 738, § 23), denied his motion for resentencing, finding that considerations of substantial justice warranted the denial of the motion. We agree.

A defendant who is eligible for resentencing pursuant to CPL 440.46 enjoys a presumption in favor of granting a motion for resentencing relief absent a showing that substantial justice dictates the denial thereof (see People v Leon, 129 AD3d 867 [2015]; CPL 440.46 [3]; L 2004, ch 738, § 23). Resentencing is not automatic, and the determination is left to the discretion of the Supreme Court (see People v Milland, 103 AD3d 669 [2013]). In exercising its discretion, the court may "consider any facts or circumstances relevant to the imposition of a new sentence which are submitted by [the defendant] or the people" (L 2004, ch 738, § 23), "including the defendant's institutional record of confinement, the defendant's prior criminal history, the severity of the current offense, whether the defendant has shown remorse, and whether the defendant has a history of parole or probation violations" (People v Darwin, 102 AD3d 807, 808 [2013]).

In light of the defendant's criminal history, including convictions of robbery in the first degree, parole violations, and his institutional record, the Supreme Court providently exercised its discretion in concluding that substantial justice warranted the denial of the defendant's motion (compare People v Leon, 129 AD3d 867 [2015], People v Milland, 103 AD3d 669 [2013], People v Darwin, 102 AD3d 807 [2013], People v Gonzalez, 96 AD3d 875 [2012], People v Alvarez, 93 AD3d 674 [2012], People v Myles, 90 AD3d 952, 954 [2011], People v Devivo, 87 AD3d 794, 796 [2011], and People v Hickman, 85 AD3d 1057 [2011], with People v Simmons, 112 AD3d 654 [2013], and People v Concepcion, 85 AD3d 811 [2011]). We note that while the defendant successfully completed substance abuse, educational, and vocational programs while incarcerated, this evidence of rehabilitation does not outweigh the defendant's violent felony

convictions, parole violations, and institutional record (*see People v Cabrera*, 103 AD3d 748 [2013]; *People v Franklin*, 101 AD3d 1148, 1149 [2012]; *cf. People v Concepcion*, 85 AD3d 811 [2011]). Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.