People v Plato (2018 NY Slip Op 07758)





People v Plato


2018 NY Slip Op 07758


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-10021
 (Ind. No. 8115/00)

[*1]The People of the State of New York, respondent,
v
Kenneth Plato, appellant.


Paul Skip Laisure, New York, NY (Tammy E. Linn of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jill Oziemblewski of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated August 16, 2016, which, after a hearing, denied his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal possession of a controlled substance in the third degree.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant, who was convicted, inter alia, of criminal possession of a controlled substance in the third degree, moved for resentencing on that conviction pursuant to CPL 440.46. The Supreme Court denied the motion, concluding that substantial justice dictated the denial of the motion.
A defendant who is eligible for resentencing pursuant to CPL 440.46 enjoys "a presumption in favor of granting a motion for resentencing relief" (People v Beasley, 47 AD3d 639, 641; see CPL 440.46[3]; L 2004, ch 738, § 23). However, resentencing is not automatic, and may be denied upon a showing that "substantial justice dictates" such denial (People v Beasley, 47 AD3d at 641; see CPL 440.46[3]; L 2004, ch 738, § 23; People v Leon, 129 AD3d 867).
Here, considering all of the circumstances relevant to the defendant's motion, including his prior convictions of two violent felonies; his possession, at the time he committed the instant drug offense, of several weapons, leading to violent felony convictions, as well as numerous boxes of ammunition, a bulletproof vest, and a stolen police radio; and his commission of 18 prison disciplinary infractions, the Supreme Court providently exercised its discretion in determining that substantial justice dictated the denial of his motion for resentencing pursuant to CPL 440.46 (see People v Brown, 110 AD3d 915, 915-916; People v Browne, 107 AD3d 1013; People v Cabrera, 103 AD3d 748, 748-749; People v Franklin, 101 AD3d 1148, 1148-1149).
MASTRO, J.P., SGROI, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court