People v De La Cruz (2018 NY Slip Op 08848)





People v Cruz


2018 NY Slip Op 08848


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND TROUTMAN, JJ.


1342 KA 16-01258

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARCUS DE LA CRUZ, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Onondaga County Court (Walter W. Hafner, Jr., A.J.), entered March 11, 2016 pursuant to the 2009 Drug Law Reform Act. The order denied the application of defendant to be resentenced upon defendant's 1991 conviction of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: On appeal from an order denying his application for resentencing pursuant to the 2009 Drug Law Reform Act (see CPL 440.46), defendant contends that County Court erred in concluding that certain factors overcame the statutory presumption in favor of resentencing. We conclude that the court did not abuse its discretion in denying defendant's application.
It is well settled that a "defendant who is eligible for resentencing pursuant to CPL 440.46 enjoys a statutory presumption in favor of resentencing . . . However, resentencing is not automatic, and the determination is left to the discretion of the" sentencing court (People v Bethea, 145 AD3d 738, 738 [2d Dept 2016], lv denied 29 NY3d 946 [2017]; see People v Arroyo, 99 AD3d 515, 515 [1st Dept 2012], lv denied 20 NY3d 1059 [2013]). Contrary to defendant's contention, the court did not abuse its discretion in determining that substantial justice dictated denial of his application for resentencing, given "the seriousness of the underlying crime[s], and defendant's illegal reentry into the United States" and resumption of drug sales after being released from custody and deported (People v Rodriguez, 68 AD3d 543, 543 [1st Dept 2009]; see People v Peña, 55 AD3d 393, 393 [1st Dept 2008]; People v Alcaraz, 46 AD3d 253, 253 [1st Dept 2007]), as well as defendant's numerous disciplinary infractions while incarcerated (see People v Darwin, 102 AD3d 807, 808 [2d Dept 2013]; People v Colon, 77 AD3d 849, 850 [2d Dept 2010], lv denied 15 NY3d 952 [2010]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court