■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL BEASLEY, Appellant. [850 NYS2d 140]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Grosso, J.), dated September 21, 2005, which, after a hearing, denied his motion pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738) for resentencing upon his conviction of criminal possession of a controlled substance in the first degree, upon which sentence was imposed in a judgment of the same court (Clabby, J.) rendered April 5, 1988.

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, the motion is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance with the resentencing procedure set forth in the Drug Law Reform Act of 2004 (L 2004, ch 738, § 23).

The defendant was convicted of, inter alia, criminal possession of a controlled substance in the first degree, an A-1 drug felony. On April 5, 1988, the defendant was sentenced to an indeterminate term of 15 years to life imprisonment under the Rockefeller Drug Laws (L 1973, ch 276, § 19). In 2005, after the enactment of the Drug Law Reform Act of 2004 (L 2004, ch 738) (hereinafter the 2004 DLRA), the defendant made a pro se motion for resentencing. The Supreme Court appointed counsel to represent the defendant and, after a hearing, denied the motion. In a written decision, the court stated that the defendant, who had subsequently been convicted in 2003 of a class A-II drug offense while he was out of prison on a work-release furlough, had not established that "substantial justice" required that the motion be granted.

The court erred in placing the burden on the defendant to demonstrate that resentencing relief should be granted as a matter of "substantial justice." To the contrary, the 2004 DLRA provides that, after considering all relevant circumstances presented by the defendant and the People, the court "shall" determine an appropriate determinate sentence under the new sentencing provisions, "unless substantial justice dictates that the application should be denied" (L 2004, ch 738, § 23).

Notably, although the Legislature chose to give the new sentencing provisions of the 2004 DLRA only prospective application, it provided an opportunity for persons in custody who had been convicted of a class A-1 drug felony to apply to their sentencing courts for a "conversion of their sentence to a new term consistent with the . . . reforms [of the 2004 DLRA]" (Mem in Support, Governor's Bill Jacket, L 2004, ch 748, reprinted in McKinney's Session Laws of NY, at 2178; *see People v Utsey*, 7 NY3d 398, 403 [2006]; *People v Arana*, 32 AD3d 305, 307 [2006]). The opportunity to apply for resentencing was extended in subsequent legislation to certain persons convicted of class A-II drug felonies (L 2005, ch 643). The enactment of legislation mitigating the penalties that may be imposed for nonviolent drug felonies and granting the opportunity for retroactive relief to class A-I and A-II drug felons, "represents a legislative judgment that the lesser penalty or the different treatment is sufficient to meet the legitimate ends of the crimi-

nal law," and therefore "[n]othing is to be gained by imposing the more severe penalty after such a pronouncement" (*People v Oliver*, 1 NY2d 152, 160 [1956]).

The Legislature did not, however, grant resentencing across the board to all persons convicted of class A-I and A-II drug felonies, but only provided an opportunity to make an individual application to the sentencing court, which is then required to make a determination based upon a review of all relevant circumstances (*see People v Arana*, 32 AD3d 305, 307 [2006]; *People v Gonzalez*, 29 AD3d 400 [2006]). Indeed, consistent with the statutory language, case law indicates a presumption in favor of granting a motion for resentencing relief absent a showing that substantial justice dictates the denial thereof (*see People v Salcedo*, 40 AD3d 356, 357 [2007]; *People v Vasquez*, 41 AD3d 111 [2007]; *People v Vega*, 40 AD3d 1020 [2007]; *cf. People v Sanders*, 36 AD3d 944 [2007]; *People v Gonzalez*, 29 AD3d 400 [2006]).

Upon review of all the relevant circumstances, and as a matter of discretion in the interest of justice, we determine that substantial justice did not dictate the denial of the defendant's motion. In particular, the facts underlying the defendant's conviction were not unusually serious, his prison record included no serious infractions and many positive accomplishments, and he has shown remorse for his offenses. He already has received a sentence upon his conviction of a second drug felony that took into account the fact that the crime was committed while he was released from prison on a work furlough. Accordingly, the order must be reversed and the matter remitted to the Supreme Court, Queens County, for further proceedings in accordance with the resentencing procedure set forth in the 2004 DLRA (*see* L 2004, ch 738, § 23; *People v Love*, 46 AD3d 919 [2007]). Spolzino, J.P., Skelos, Santucci and Dickerson, JJ., concur.