

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2009

# Williams v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4179

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Williams v. Atty Gen USA" (2009). *2009 Decisions*. Paper 1254.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1254

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 08-4179

———————————

KEVIN A. WILLIAMS,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

———————————

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
Agency No. A035-401-791
Immigration Judge: Andrew Arthur

———————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 20, 2009

Before: RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed: June 1, 2009)

———————————

OPINION OF THE COURT

———————————

PER CURIAM

        Kevin A. Williams petitions for review of a decision of the Board of Immigration

Appeals (BIA).  The BIA upheld an Immigration Judge's (IJ's) removal order, which

pretermitted Williams' application for a waiver of inadmissibility pursuant to § 212(c) of

the Immigration and Nationality Act (INA) [8 U.S.C. § 1182(c)] (repealed 1996), and found him ineligible for any other relief. We will deny the petition for review.

I.

Williams is a native and citizen of Trinidad and Tobago. He entered the United States at the age of 4 or 5. He was convicted in 1994 of criminal sale of a controlled substance (cocaine), in violation of N.Y. Penal Law 220.39. He was sentenced to 90 months to 15 years incarceration, and served 5 years and 186 days of the sentence.[1] He was placed in removal proceedings on March 30, 2007, and he applied for relief under former section 212(c) of the INA.

The IJ pretermitted his § 212(c) application, because Williams had committed an aggravated felony for which he had served more than five years in prison. Williams argued that he should remain eligible for § 212(c), because the New York sentencing guidelines under which he was sentenced were later found to be unconstitutional, and he should have served less than five years.[2] Williams also argued that the Government was

---

[1] The Government notes in its brief that Williams was also given 323 days of jail time credit, and thus served a total of six years, 156 days for his crime.

[2] His petition for review states that his "sentence was, in fact, subsequently recinded [sic] and Petitioner was re-sentenced, nunc pro tunc, many years after his release, after the fact, after the damage was already done." Petition for Review, ¶ 1. His brief states that his "sentence was restructured as a result of The New York State Supreme Courts statutory action," but he does not point to any evidence showing that his sentence was altered, and the administrative record does not reflect any such evidence.

estopped from initiating proceedings against him because it failed to initiate proceedings in 1994.

The BIA rejected these arguments. Williams filed a timely petition for review and a motion for stay of removal. The Government filed a motion to dismiss and opposed a stay. A panel of this Court referred the motion to dismiss to this merits panel, and denied Williams' motion for a stay of removal.

## II.

Under the REAL ID Act of 2005, we have jurisdiction to review "constitutional claims or questions of law" raised by a criminal alien upon a petition for review. 8 U.S.C. § 1252(a)(2)(D). Williams raises legal issues, which we have jurisdiction to address. We find, however, that none of his issues has any merit.

Williams has not challenged the fact that he was convicted of a crime that constitutes an aggravated felony, nor that he served over five years in prison for that conviction. He is removable for his aggravated felony, but he contends that he should be found eligible for relief from removal, in the form of a "waiver of inadmissibility" pursuant to former INA § 212(c).[3]

---

[3] Section 212(c), before it was repealed, allowed the Attorney General to readmit to the United States an otherwise inadmissible permanent resident alien under certain conditions, but did not allow the Attorney General to admit such an alien if he had been convicted of one or more aggravated felonies and had served a term of imprisonment of at least 5 years. Courts later extended § 212(c) relief to all lawful permanent residents, even if they had not left the country. Arca-Pineda v. Attorney General, 527 F.3d 101, 105 (3d Cir. 2008). The section was repealed in 1996. Id.

In INS v. St. Cyr, 533 U.S. 289, 326 (2001), the Supreme Court held that § 212(c) relief "remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." In Atkinson v. Attorney General, 479 F.3d 222, 230 (3d Cir. 2007), this Court extended the holding of St. Cyr to also apply to aliens who, prior to the repeal of § 212(c), were convicted (after trial) of an aggravated felony that would not have rendered them ineligible for § 212(c) relief.

The problem for Williams is that these cases hold that § 212(c) relief is available only for aliens who would have been eligible for such relief *at the time of their conviction*. Williams was sentenced to 90 months to 15 years of incarceration, rendering him ineligible for § 212(c) relief, as such relief only applied to aggravated felons who had served less than 5 years in prison. We cannot find that the repeal of § 212(c) is impermissibly retroactive as applied to Williams, as he would not have been eligible for § 212(c) relief in the first place. See DiPeppe v. Quarantillo, 337 F.3d 326, 333 (3d Cir. 2003) (petitioner "was clearly not eligible for discretionary waiver once the court sentenced her to a period of incarceration that mandated her imprisonment for more than five years").

Williams makes the novel argument that he should be eligible for § 212(c) relief, because he would have been paroled before serving 5 years in prison if not for New

York's unconstitutional sentencing guidelines.[4] In his response to the Government's motion to dismiss, Williams says he got a "time cut by the New York Legislature resulting in a reduction of sentence from Ninety months to fifteen years, to sixty months to ten years. He states that this reduction puts him "right in line for eligibility for a 212(c) waiver," apparently because the New York State sentencing guidelines do not require a non-violent criminal to serve the complete minimum sentence. However, even assuming this is true (and, as we note, the administrative record does not reflect that Williams has been resentenced), Williams does not contend that he received a sentence of <u>less</u> than five years. Further, he acknowledges that he was not resentenced until "many years after his release," by which time he had already served over 5 years in prison.

Williams' second argument is that the Government should have been estopped from seeking to remove him because it could have done so years earlier (presumably, before he had served five years in prison). This Court rejected that argument in <u>DiPeppe</u>, noting that to succeed on an estoppel argument, an alien "must prove (1) a misrepresentation by the government, (2) which she reasonably relied upon; (3) to her detriment and (4) affirmative misconduct." <u>Id</u>. at 335. Assuming that an immigration official told Williams that they would not bring immigration proceedings against him, and

---

[4] New York enacted the Drug Law Reform Act of 2004 (L. 2004, ch. 738) [DLRA], which was to be given prospective application. <u>People v. Beasley</u>, 850 N.Y.S.2d 140, 141 (N.Y.A.D. 2008). Persons convicted of a class A-I or A-II drug felony were given the opportunity to file a motion for conversion of their sentence to a new sentence consistent with the DLRA, <u>id</u>.; but Williams has submitted no evidence that his sentence has been converted.

assuming Williams "relied" on that alleged misrepresentation, Williams cannot show that he relied on the misrepresentation "to his detriment." In order for there to be detrimental reliance, the aggrieved party must show that he has surrendered a right that he possessed, or changed his position for the worse. Heckler v. Community Health Services, 467 U.S. 51, 61-62 (1984); Costa v. I.N.S., 233 F.3d 31, 38 (1st Cir. 2000). Williams did not have any right to remain in this country after committing an aggravated felony, and he has not shown how he changed his position in any way following the Government's alleged misrepresentation. Further, he has not shown any affirmative misconduct on the part of the Government. Cf. I.N.S. v. Miranda, 459 U.S. 14, 17-18 (1982) (unexplained failure to adjudicate immigration application falls far short of affirmative misconduct).

For the foregoing reasons, we find Williams' arguments to be without merit, and we will deny the petition for review. The Government's motion to dismiss is denied as moot.