◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX AVILA, Appellant. [923 NYS2d 674]—

Appeal by the defendant from an order of the Supreme Court, Kings County (DiMango, J.), dated March 19, 2010, which, after a hearing, denied his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed, upon his plea of guilty, on December 18, 2001.

Ordered that the order is affirmed, without costs.

The Supreme Court correctly determined that the defendant's status as a parole violator did not render him ineligible to apply for resentencing pursuant to the Drug Law Reform Act of 2009 (hereinafter the 2009 DLRA) (*see* CPL 440.46; *People v Phillips*, 82 AD3d 1011 [2011], *lv granted* 16 NY3d 834 [2011]). However, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his motion for resentencing.

A motion for resentencing pursuant to the 2009 DLRA "should be granted unless 'substantial justice dictates that [it] should be denied' " (*People v Braithwaite*, 62 AD3d 1019, 1021 [2009], quoting L 2004, ch 738, § 23; *see* CPL 440.46 [3] [incorporating L 2004, ch 738, § 23]; *People v Beasley*, 47 AD3d 639, 641 [2008]). In making its determination, a court may consider any relevant facts, including, but not limited to, the defendant's institutional disciplinary record and his willingness to participate in treatment while incarcerated (*see* L 2004, ch 738, § 23; CPL 440.46 [3]; *People v Vega*, 40 AD3d 1020 [2007]). Moreover, "a person's status as a parole violator may be relevant in determining whether substantial justice dictates that the application should be denied on the merits" (*People v Phillips*, 82 AD3d at 1012 [internal quotation marks omitted]).

The defendant was sentenced as a second felony offender and

has an extensive, continuous criminal history dating back to 1992, including an out-of-state felony conviction. With regard to the instant offense, after serving the minimum term of his indeterminate sentence, he was returned to prison on four occasions for violations of parole, three of which involved arrests for new offenses he committed while on parole. On the third such occasion, the defendant violated a condition of parole by failing to report to an outpatient substance abuse treatment program, and two months later, he was arrested and subsequently convicted of petit larceny. In addition, the defendant's institutional record included four tier II infractions and one tier III infraction for drug use. Under all the circumstances presented in the record, substantial justice dictated that the motion be denied (*see People v Witkowski*, 82 AD3d 913 [2011]; *People v Curry*, 52 AD3d 732 [2008]; *People v Vega*, 40 AD3d at 1020). Prudenti, P.J., Angiolillo, Dickerson and Roman, JJ., concur. **[Prior Case History: 27 Misc 3d 974.]**