THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HALLMAN, Appellant. [923 NYS2d 224]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Kron, J.), dated April 5, 2010, which, after a hearing, denied his motion for resentencing pursuant to CPL 440.46 on his conviction of criminal possession of a controlled substance in the third degree, which sentence was originally imposed, upon his plea of guilty, on April 8, 2004.

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, the motion is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith, before a different Justice.

Since a motion pursuant to CPL 440.46 "should be granted unless 'substantial justice dictates that [it] should be denied' "

(*People v Braithwaite*, 62 AD3d 1019, 1021 [2009], quoting L 2004, ch 738, § 23), "consistent with the statutory language, case law indicates a presumption in favor of granting a motion for resentencing relief absent a showing that substantial justice dictates the denial thereof" (*People v Beasley*, 47 AD3d 639, 641 [2008]).

Here, it is undisputed that the defendant was eligible to apply for resentencing pursuant to CPL 440.46. Upon review of all the relevant circumstances, and as a matter of discretion in the interest of justice, we conclude that, contrary to the Supreme Court's determination, substantial justice did not dictate the denial of the defendant's motion. The defendant has an exemplary prison record, having incurred no disciplinary infractions in the time he has spent incarcerated (*compare People v Witkowski*, 82 AD3d 913 [2011]; *People v Colon*, 77 AD3d 849, 850 [2010]; *People v Pipkin*, 77 AD3d 770, 770-771 [2010]; *People v Winfield*, 59 AD3d 747, 747-748 [2009]). Additionally, the defendant has successfully completed a number of programs and vocational training pursuits while imprisoned (*see generally* CPL 440.46 [3]). Particularly in light of the presumption in favor of resentencing (*see People v Beasley*, 47 AD3d at 641), the defendant's rehabilitative efforts and exemplary prison record outweighed the considerations upon which the Supreme Court relied in denying the defendant's motion. We note specifically that, in denying the defendant's motion, the Supreme Court emphasized, among other things, that the "underlying facts and circumstances surrounding this case are violent in nature." However, the evidence in the record to support this position consisted of an indictment which, in addition to the nonviolent count to which the defendant pleaded guilty, contained charges involving violent crimes. However, the People ultimately chose not to pursue these counts, and the defendant pleaded guilty only to criminal possession of a controlled substance in the third degree. The People presented no other evidence to substantiate the position that the defendant committed violent acts, and the defendant was not prosecuted for or convicted of committing such acts. Under the circumstances presented here, substantial justice did not dictate the denial of the defendant's motion.

Accordingly, the defendant's motion is granted and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance with the applicable resentencing procedure (*see* CPL 440.46 [3]; L 2004, ch 738, § 23). Moreover, in light of certain comments made on the record by the Supreme Court, which appear to reflect a predisposition to deny the de-

fendant's motion without regard to the evidence presented at the hearing, we remit the matter to a different Justice. Skelos, J.P., Dickerson, Hall and Sgroi, JJ., concur.