■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE CONCEPCION, Appellant. [924 NYS2d 849]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Grosso, J.), dated November 30, 2009, which, after a hearing, denied his motion for resentencing pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed, upon his plea of guilty, on July 9, 2004.

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, the motion is granted,

and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance with CPL 440.46.

Contrary to the People's contention, the defendant's appeal from the denial of his motion for resentencing was not rendered academic by the defendant's release to parole while this appeal was pending (*see People v Overton*, 86 AD3d 4 [2d Dept 2011]).

Upon our consideration of the merits of the appeal, we conclude that the Supreme Court erred in denying the defendant's motion for resentencing. Pursuant to statute, such a motion "should be granted unless 'substantial justice dictates that [it] should be denied' " (*People v Braithwaite*, 62 AD3d 1019, 1021 [2009], quoting L 2004, ch 738, § 23; *see* CPL 440.46 [3]; *People v Beasley*, 47 AD3d 639, 641 [2008]). Thus, a presumption exists in favor of granting a motion for resentencing (*see People v Beasley*, 47 AD3d at 641). Here, given that the defendant's offense involved a small quantity of drugs, that his criminal and disciplinary history was not extensive, and considering the defendant's willingness to participate in treatment and vocational and educational programming while incarcerated, substantial justice did not dictate denial of the defendant's resentencing motion (*see* CPL 440.46; *People v Beasley*, 47 AD3d at 641; *cf. People v Perez*, 57 AD3d 921 [2008]; *People v Curry*, 52 AD3d 732 [2008]). Accordingly, we reverse the order and remit the matter to the Supreme Court, Queens County, for further proceedings in accordance with CPL 440.46. Angiolillo, J.P., Florio, Lott and Austin, JJ., concur.