■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DOMINGUEZ, Appellant. [931 NYS2d 123]—

The defendant, who was convicted of criminal possession of a controlled substance in the second degree in 2003, moved for resentencing under the Drug Law Reform Act of 2005 (hereinafter 2005 DLRA) (L 2005, ch 643, § 1). The Supreme Court initially granted the motion to the extent of specifying and informing the defendant of a proposed resentence. The People then moved, in effect, for leave to renew their opposition to the defendant's resentencing motion. The Supreme Court providently exercised its discretion in granting the People's motion, in effect, for leave to renew, made during the pendency of the resentencing proceeding, based upon new facts (cf. People v Chetrick, 255 AD2d 392 [1998]; People v Petrocelli, 232 AD2d 661 [1996]). Further, upon renewal, the Supreme Court providently exercised its discretion in denying the defendant's motion.

A motion for resentencing pursuant to the 2005 DLRA should be granted unless "substantial justice dictates that [it] should be denied" (L 2005, ch 643, § 1; see People v Love, 46 AD3d 919, 920-921 [2007]). In making its determination, a court may consider any relevant circumstances, including a defendant's criminal history, status as a parole violator, and subsequent convictions (see e.g. People v Avila, 84 AD3d 1259, 1259-1260 [2011], lv denied 17 NY3d 804 [2011]; People v Witkowski, 82 AD3d 913, 913 [2011]; People v Curry, 52 AD3d 732 [2008]). The instant conviction arose from the discovery, by the police, of a large amount of narcotics in an apartment occupied by the defendant and his brother, with whom the defendant ran a drug-selling operation. Prior to the instant offense, the defendant had pleaded guilty to, inter alia, criminal possession of a con-

trolled substance in the second degree. The present offense was committed while the defendant was on lifetime parole for that prior conviction. In addition, while the defendant was on work release for the present conviction, he returned to the same drug-selling operation with his brother, and ultimately pleaded guilty to criminal possession of a controlled substance in the second degree. Under these circumstances, the Supreme Court did not improvidently exercise its discretion in determining that substantial justice dictated denial of his motion (*see People v Avila*, 84 AD3d at 1260; *People v Curry*, 52 AD3d 732 [2008]; *People v Vega*, 40 AD3d 1020 [2007]). Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur. **[Prior Case History: 26 Misc 3d 1223(A), 2008 NY Slip Op 52706(U).]**