■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LA-TEEK BERRY, Appellant. [933 NYS2d 94]—

The defendant, who was convicted of criminal sale of a controlled substance in the third degree, moved for resentencing pursuant to CPL 440.46. The Supreme Court determined that the defendant was ineligible for resentencing because, after having been paroled, he was reincarcerated for violating parole. Alternatively, the court concluded that, even if the defendant was eligible for resentencing, substantial justice dictated the denial of his motion.

"[P]risoners who have been paroled, and then reincarcerated for violating their parole, are not for that reason barred from seeking relief" under CPL 440.46 (*People v Paulin*, 17 NY3d 238, 242 [2011]; *see People v Howard*, 85 AD3d 1202, 1203 [2011]). Accordingly, as the People correctly concede on appeal, the Supreme Court erred in concluding that the defendant was ineligible for resentencing under CPL 440.46 by virtue of his parole violation.

The Supreme Court further improvidently exercised its discretion in denying the defendant's resentencing motion. As described by the Legislature, the Drug Law Reform Act was initially enacted in 2004 because the drug laws then in place "provide[d] inordinately harsh punishment for low level nonviolent drug offenders" and "waste[d] valuable state tax dollars which could be used more effectively to provide drug treatment to addicts and harsh punishment to violent criminals" (Assembly Mem in Support, 2004 McKinney's Session Laws of NY, at 2179; *see People v Paulin*, 17 NY3d at 244). The Legislature also concluded that it was appropriate to provide an opportunity for retroactive sentencing relief to individuals serving such "inordinately harsh punishment[s]" (*People v Paulin*, 17 NY3d at 244 [internal quotation marks omitted]), which relief was extended in 2009 to eligible defendants, like the defendant here, convicted of class B felonies (*see* CPL 440.46). Significantly, while the Legislature did not make resentencing mandatory, it included a statutory presumption in favor of resentencing (*see* L

2004, ch 738, § 23; CPL 440.46 [3]; *People v Beasley*, 47 AD3d 639, 641 [2008]; *see also People v Braithwaite*, 62 AD3d 1019, 1021 [2009]).

Here, the Supreme Court's determination that substantial justice dictated denial of the defendant's resentencing motion was based upon the defendant's record of committing drug offenses and his commission of an offense while on parole. Under the circumstances of this case, these factors are insufficient to overcome the statutory presumption in favor of resentencing. The defendant's offense consisted of typical low-level drug selling activity, as did the other drug offenses he committed. Further, the defendant's recent convictions did not involve violence or weapons. While the Court of Appeals and this Court have indicated that a defendant's status as a parole violator may be relevant to a determination of whether substantial justice dictates denial of resentencing (*see People v Paulin*, 17 NY3d at 244; *People v Phillips*, 82 AD3d 1011, 1012 [2011]), it is merely one factor to consider, and does not mandate denial of a resentencing motion (*cf. People v Beasley*, 47 AD3d at 640-641). Where, as here, "the facts underlying the defendant's conviction [and other criminal offenses] were not unusually serious, [and] his prison record included no serious infractions and many positive accomplishments," the presumption that the defendant is entitled to benefit from the reforms enacted by the Legislature based upon its judgment that the prior sentencing scheme for drug offenses like that committed by the defendant was excessively harsh, has not been rebutted (*id.* at 641; *see People v Nunziata*, 87 AD3d 555 [2011]; *People v Concepcion*, 85 AD3d 811, 812 [2011]; *People v Hallman*, 84 AD3d 1266, 1267 [2011]; *cf. People v Stamps*, 50 AD3d 827 [2008]). As substantial justice did not dictate denial of the defendant's motion, it should have been granted. Skelos, J.P., Hall, Lott and Roman, JJ., concur.