■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HOFFLER, Appellant. [935 NYS2d 228]—

Garry, J.

In 2004, defendant was convicted of the crimes of criminal sale of a controlled substance in the third degree (two counts), attempted criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree. He was thereafter sentenced to an aggregate prison term of 17 to 34 years. His judgment of conviction was affirmed by this Court on appeal (*People v Hoffler*, 41 AD3d 891 [2007], *lv denied* 9 NY3d 962 [2007]).

In 2009, defendant made an application to be resentenced under the Drug Law Reform Act of 2009 (*see* L 2009, ch 56, codified at CPL 440.46). On March 29, 2010, at the conclusion of a hearing, County Court denied the application in a bench decision.[1] Thereafter, County Court entered a written order denying the application on September 2, 2011 and defendant appeals that order.

We reverse. A sentencing court is vested with the discretion to deny an application for resentencing pursuant to CPL 440.46 if "substantial justice dictates that [it] should be denied" (L 2004, ch 738, § 23; *see* CPL 440.46 [3]; *People v La Porte*, 53 AD3d 984, 985 [2008]). Here, in denying defendant's application, County Court emphasized a murder conviction for the killing of a confidential informant involved in the offenses for which defendant requests resentencing. As the court further noted, that murder conviction was overturned on appeal by this Court and the matter was remitted for retrial (*People v Hoffler*, 53 AD3d 116 [2008], *lv denied* 11 NY3d 832 [2008]). To date, defendant has not been retried on that charge.

Although the sentencing court "may consider any facts or circumstances relevant to the imposition of a new sentence which are submitted by [defendant] or the [P]eople" (L 2004, ch 738, § 23), substantial justice does not dictate the denial of defendant's application for resentencing based solely upon a charged crime for which he has not been legally convicted (*see People v Hallman*, 84 AD3d 1266, 1267 [2011]).[2] We must remit this matter for County Court to make a redetermination on defendant's application as we are unable to discern whether the court would have reached the same conclusion had it not considered the overturned murder conviction.

---

1. Defendant attempted to appeal County Court's bench decision, but this Court is without jurisdiction to entertain such an appeal (*see People v Buckery*, 84 AD3d 1588, 1589 [2011]).

2. We note that County Court also briefly referenced in its order defendant's prior felony convictions, but find that it did not base its decision on a consideration of the other convictions, as the court indicated that it would be willing to reconsider the application after the murder charge was resolved.

Peters, J.P., Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.