Appeal by the defendant from an order of the Supreme Court, Queens County (Mullings, J.), dated September 30, 2010, which, *876 after a hearing, denied his motion for resentencing pursuant to CPL 440.46 on his conviction of criminal possession of a controlled substance in the third degree, which sentence was originally imposed, upon his plea of guilty, on September 5, 2008.
Ordered that the order is affirmed.
A defendant who is eligible for resentencing pursuant to CPL 440.46 enjoys “a presumption in favor of granting a motion for resentencing relief absent a showing that substantial justice dictates the denial thereof” (People v Beasley, 47 AD3d 639, 641 [2008]; see CPL 440.46 [3]; L 2004, ch 738, § 23). However, resentencing is not automatic, and the determination is left to the discretion of the Supreme Court (see People v Beasley, 47 AD3d at 641; People v Vega, 40 AD3d 1020, 1020-1021 [2007]). In exercising its discretion, a court may “consider any facts or circumstances relevant to the imposition of a new sentence which are submitted by [the defendant] or the people” (L 2004, ch 738, § 23), including the defendant’s institutional record of confinement, the defendant’s prior criminal history, the severity of the current offense, whether the defendant has shown remorse, and whether the defendant has a history of parole or probation violations (see People v Overton, 86 AD3d 4, 12 [2011]).
Here, the Supreme Court did not improvidently exercise its discretion in denying the defendant’s motion for resentencing pursuant to CPL 440.46. Considering the seriousness of the instant offense, the defendant’s criminal history, which includes nine other felony convictions dating back to 1980, his prior parole and probation violations, and the number of disciplinary infractions committed while confined, substantial justice dictated that his motion be denied (see People v Rivera, 84 AD3d 980 [2011]; People v Witkowski, 82 AD3d 913 [2011]; People v Colon, 77 AD3d 849 [2010]). Florio, J.P., Balkin, Chambers and Cohen, JJ., concur.