Appeal by the defendant from an order of the Supreme Court, Kings County (Sullivan, J.), entered April 16, 2010, which, after a hearing, denied his motion to be resentenced pursuant to CEL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed, upon a jury verdict, on May 25, 1993.
Ordered that the order is affirmed.
A defendant who is eligible for resentencing pursuant to CEL 440.46 is entitled to “a presumption in favor of granting a motion for resentencing relief absent a showing that substantial justice dictates the denial thereof’ (People v Beasley, 47 AD3d 639, 641 [2008]; see CPL 440.46 [3]; L 2004, ch 738, § 23). *670 “However, resentencing is not automatic, and the determination is left to the discretion of the Supreme Court” (People v Gonzalez, 96 AD3d 875, 876 [2012]; see People v Beasley, 47 AD3d at 641). In exercising its discretion, a court may “consider any facts or circumstances relevant to the imposition of a new sentence which are submitted by [the defendant] or the [P]eople” (L 2004, ch 738, § 23), including the defendant’s prior criminal history and institutional record of confinement, the severity of the current offense, whether the defendant has shown remorse, and whether the defendant has a history of parole or probation violations (see People v Overton, 86 AD3d 4, 12 [2011]; People v Avila, 84 AD3d 1259 [2011]).
Here, the Supreme Court did not improvidently exercise its discretion in denying the defendant’s motion for resentencing pursuant to CPL 440.46. The defendant had an extensive criminal history dating back to 1977, which included six felony convictions and instances of reoffending while on parole. The defendant’s institutional disciplinary record included 18 tier II infractions and 16 tier III infractions, involving, inter alia, violent and disruptive conduct and drug use. On numerous occasions in prison, the defendant was removed from vocational, educational, and rehabilitative programs for disciplinary reasons, and he failed to complete substance abuse treatment or anger management programs. Under the circumstances, substantial justice dictated that the motion be denied (see People v Gonzalez, 96 AD3d at 876; People v Myles, 90 AD3d 952, 954 [2011]; People v Witkowski, 82 AD3d 913 [2011]; People v Win-field, 59 AD3d 747 [2009]). Angiolillo, J.P, Dickerson, Miller and Hinds-Radix, JJ., concur.