■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PARKER, Appellant. [967 NYS2d 763]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Sullivan, J.), dated October 6, 2011, which, after a hearing, denied his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed, upon his plea of guilty, on November 5, 2004.

Ordered that the order is affirmed.

When a defendant is eligible for resentencing pursuant to CPL 440.46, there is " 'a presumption in favor of granting a motion for resentencing relief absent a showing that substantial justice dictates the denial thereof' " (*People v Gonzalez*, 96 AD3d 875, 876 [2012], quoting *People v Beasley*, 47 AD3d 639, 641 [2008]; *see* CPL 440.46 [3]; L 2004, ch 738, § 23). "However, resentencing is not automatic, and the determination is left to the discretion of the Supreme Court" (*People v Gonzalez*, 96 AD3d at 876; *see People v Beasley*, 47 AD3d at 641). In exercising its discretion, a court may "consider any facts or circumstances relevant to the imposition of a new sentence which are submitted by [the defendant] or the people" (L 2004, ch 738, § 23), including the defendant's institutional record of confinement, the defendant's prior criminal history, the severity of the current offense, whether the defendant has shown remorse, and whether the defendant has a history of parole or probation violations (*see People v Overton*, 86 AD3d 4, 12 [2011]; *People v Avila*, 84 AD3d 1259 [2011]). Relevant considerations include the defendant's status as a probation or parole violator as a consequence of the conviction for which resentencing is sought (*see People v Paulin*, 17 NY3d 238, 244 [2011]; *People v Cabrera*, 103 AD3d 748 [2013]; *People v Curry*, 52 AD3d 732 [2008]), and the defendant's conviction of a violent felony subsequent to the commission of the narcotics felony for which resentencing is sought (*see People v Myles*, 90 AD3d 952, 954 [2011]; *People v Devivo*, 87 AD3d 794, 796 [2011]).

Here, the defendant was a second felony offender based on a 2000 robbery conviction for a crime committed in 1996. During the pendency of that prosecution, the defendant absconded, was returned on warrants four times, and was rearrested for another crime. The defendant was on probation for the 2000 robbery conviction when he was charged under the subject indictment with committing nine narcotics sales to an undercover officer over a period of five months. After his plea of guilty to one count of criminal sale of a controlled substance in the third degree in satisfaction of the indictment and prior to sentencing, the defendant was rearrested for another narcotics crime. During this period, he was also arrested and charged with five

counts of rape in the second degree committed against a single victim during a three-month period before and after his guilty plea to the subject narcotics offense. The defendant was ultimately convicted of one count of rape in the second degree. The defendant's institutional disciplinary record included nine tier II infractions, the most recent of which involved violence and occurred a week before he filed his resentencing motion. The defendant successfully completed a vocational program and substance abuse and anger management programs. However, in the months before his resentencing motion, the defendant was removed from two programs for disciplinary reasons. Under the circumstances presented, the evidence of rehabilitation did not outweigh the seriousness of the instant offense, the defendant's pattern of successive reoffense while on probation or facing pending charges, and his disciplinary record while incarcerated. Accordingly, substantial justice dictated that the motion be denied (*see People v Franklin*, 101 AD3d 1148, 1148-1149 [2012], *lv denied* 20 NY3d 1098 [2013]; *People v Avila*, 84 AD3d at 1259-1260; *People v Rivera*, 84 AD3d 980, 981 [2011]). Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur. ■