■ In the Matter of GILROY JOHNSON, Petitioner, v MICHAEL A. GROSS et al., Respondents. [973 NYS2d 80]—The above-named petitioner having presented an application to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules, now, upon reading and filing the papers in said proceeding, and due deliberation having been had thereon, it is unanimously ordered that the application be and the same hereby is denied and the petition dismissed, without costs or disbursements. Concur—Andrias, J.P., Sweeny, Acosta, Saxe and Clark, JJ.

(October 3, 2013)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE COLON, Appellant. [971 NYS2d 873]—

Order, Supreme Court, New York County (Renee A. White, J.), entered on or about November 22, 2011, which denied defendant's CPL 440.46 motion for resentencing, unanimously affirmed.

The court properly exercised its discretion in determining that substantial justice dictated denial of the motion (*see e.g. People v Gonzalez*, 29 AD3d 400 [2006], *lv denied* 7 NY3d 867 [2006]). Resentencing is not automatic, and courts may deny the applications of persons who "have shown by their conduct that they do not deserve relief from their sentences" (*People v Paulin*, 17 NY3d 238, 244 [2011]). Defendant has demonstrated a "chronic inability to control his behavior while at liberty" (*People v Correa*, 83 AD3d 555, 556 [1st Dept 2011], *lv denied* 17 NY3d 805 [2011]), committing numerous crimes while on parole and even while his resentencing application was pending. Under the circumstances, evidence of defendant's rehabilitation while incarcerated and other positive factors was outweighed by the factors militating against resentencing. Concur—Mazzarelli, J.P., Renwick, DeGrasse, Freedman and Feinman, JJ.