Appeal by the defendant from an order of the Supreme Court, Queens County (Paynter, J.), dated February 28, 2012, which denied his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, the sentence being an indeterminate term of *827 imprisonment of 4V2 to 9 years, which was originally imposed, upon his plea of guilty, on July 2, 2007.
Ordered that the order is reversed, on the law and in the exercise of discretion, the motion is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance with the resentencing procedure set forth in CPL 440.46.
The Supreme Court improvidently exercised its discretion in denying the defendant’s motion to be resentenced pursuant to CPL 440.46. Although resentencing is not mandatory, there is a statutory presumption in favor of resentencing (see L 2004, ch 738, § 23; CPL 440.46 [3]; People v Berry, 89 AD3d 954, 955 [2011]; People v Beasley, 47 AD3d 639, 641 [2008]). Under the circumstances of this case, the factors relied upon by the Supreme Court in denying the motion — the defendant’s criminal history and parole violations — are insufficient to overcome the statutory presumption. The instant offense and many of the defendant’s prior offenses consisted of low-level drug crimes, and none of the defendant’s recent convictions involved violence or weapons (see People v Berry, 89 AD3d at 956; People v Concepcion, 85 AD3d 811, 812 [2011]). The defendant had no disciplinary infractions in prison, and had several positive accomplishments (see People v Nunziata, 87 AD3d 555 [2011]; People v Hallman, 84 AD3d 1266, 1267 [2011]). While the defendant’s parole violations were a relevant consideration (see People v Paulin, 17 NY3d 238, 244 [2011]), they were only one factor to consider, and did not mandate, denial of the defendant’s motion (see People v Berry, 89 AD3d at 956). Under all of the circumstances presented here, “the presumption that the defendant is entitled to benefit from the reforms enacted by the Legislature based upon its judgment that the prior sentencing scheme for drug offenses like that committed by the defendant was excessively harsh, has not been rebutted” (id; see People v Nunziata, 87 AD3d 555 [2011]; People v Concepcion, 85 AD3d at 812; People v Hallman, 84 AD3d at 1267; People v Beasley, 47 AD3d at 641). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.