Appeal by the defendant from an order of the Supreme Court, Queens County (Aloise, J.), dated November 7, 2012, which denied, without a hearing, his motion to be resentenced pursuant to CPL 440.46 on his convictions of criminal sale of a con *655 trolled substance in the third degree and criminal possession of a controlled substance in the third degree, which sentence was originally imposed on March 29, 1993.
Ordered that the order is reversed, on the facts and in the exercise of discretion, the motion is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance with the resentencing procedure set forth in CPL 440.46.
The Supreme Court improvidently exercised its discretion in denying the defendant’s motion to be resentenced pursuant to CPL 440.46. Although resentencing is not mandatory, there is a statutory presumption in favor of resentencing (see L 2004, ch 738, § 23; CPL 440.46 [3]; People v Berry, 89 AD3d 954, 955 [2011]; People v Beasley, 47 AD3d 639, 641 [2008]). Under the circumstances of this case, the factors relied upon by the Supreme Court in denying the motion — the defendant’s criminal history, disciplinary infractions, and parole violations — are insufficient to overcome the statutory presumption. The defendant served more than 14 years in prison for a low-level drug crime committed when he was 19 years old. The defendant’s criminal history included only larcenous and low-level drug crimes, all committed before he was 20 years old. While the defendant violated his parole by failing to abide by certain parole rules, including, inter alia, by breaking curfew and by traveling to Georgia to be reunited with his family, he has never committed another crime or had a positive drug test. Under all of the circumstances presented here, “the presumption that the defendant is entitled to benefit from the reforms enacted by the Legislature based upon its judgment that the prior sentencing scheme for drug offenses like that committed by the defendant was excessively harsh, has not been rebutted” (People v Berry, 89 AD3d at 956; see People v Green, 110 AD3d 825 [2013]; People v Concepcion, 85 AD3d 811, 812 [2011]). Skelos, J.E, Balkin, Leventhal and Sgroi, JJ., concur.