# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**43**

**KA 12-01615**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                        MEMORANDUM AND ORDER

MICHAEL STANTON, DEFENDANT-APPELLANT.

---

REBECCA CURRIER, AUBURN, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Cayuga County Court (Thomas G. Leone, J.), entered June 22, 2012. The order denied the application of defendant for resentencing pursuant to CPL 440.46.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order denying his application for resentencing pursuant to CPL 440.46, the 2009 Drug Law Reform Act. As the People correctly concede, this appeal is not moot even though the maximum sentence for defendant's original drug conviction has now expired. Defendant "was sentenced in another case involving a later crime while he was still imprisoned on the earlier charge. If he is resentenced on the earlier charge, that resentencing could affect the time credited toward his later sentence" (*People v Paulin*, 17 NY3d 238, 242; *see People v Nieves*, 94 AD3d 671, 672).

We nevertheless conclude that County Court properly exercised its discretion in determining that substantial justice required denial of his application (*see People v Gatewood*, 87 AD3d 825, 826, *lv denied* 17 NY3d 903). It is well established that "[r]esentencing is not automatic, and courts may deny the applications of persons who 'have shown by their conduct that they do not deserve relief from their sentences' " (*People v Colon*, 110 AD3d 438, 438, quoting *Paulin*, 17 NY3d at 244). Although defendant is a military veteran who participated in many vocational programs while incarcerated and had only two minor disciplinary infractions during his incarceration, "[t]he court properly concluded that defendant's chronic inability to control his behavior while at liberty outweighed" his positive institutional record (*People v Correa*, 83 AD3d 555, 556, *lv denied* 17 NY3d 805; *see People v Hurst*, 83 AD3d 499, 499, *lv denied* 17 NY3d 796;

*cf. People v Berry*, 89 AD3d 954, 955-956).