Appeal by the defendant from an order of the Supreme Court, Kings County (Garnett, J.), dated August 22, 2012, which denied his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in or near school grounds, which sentence was originally imposed on October 3, 2002.
Ordered that the order is affirmed.
A defendant who is eligible for resentencing pursuant to CPL 440.46 enjoys a statutory presumption in favor of resentencing (see People v Gonzalez, 96 AD3d 875, 876 [2012]; People v Beasley, 47 AD3d 639, 641 [2008]; CPL 440.46 [3]; L 2004, ch 738, § 23). “However, resentencing is not automatic, and the determination is left to the discretion of the Supreme Court” (People v Gonzalez, 96 AD3d at 876; see People v Beasley, 47 AD3d at 641).
Here, considering the defendant’s extensive and continuous criminal history, dating back to 1988, his commission of violent felonies, including those committed after committing the instant offense, his commission of further drug offenses upon his release to parole in connection with the instant offense, and his disciplinary record while incarcerated, which included possession of unauthorized pills and violent conduct toward a corree *991 tions officer, the Supreme Court did not improvidently exercise its discretion in denying the defendant’s motion for resentencing pursuant to CPL 440.46 (see People v Golo, 109 AD3d 623, 624 [2013]; People v Franklin, 101 AD3d 1148, 1148-1149 [2012]; People v Gonzalez, 96 AD3d 875 [2012]; People v Flores, 50 AD3d 1156 [2008]).
Skelos, J.E, Dickerson, Leventhal and Miller, JJ., concur.