Appeal by the defendant from an order of the Supreme Court, Queens County (Kohm, J.), dated January 24, 2013, which, after a hearing, denied his motion for resentencing pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed by the same court (Pitaro, J.), upon a jury verdict, on July 10, 1996.
Ordered that the order is affirmed.
Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying the defendant’s motion to be resentenced pursuant to CPL 440.46. The defendant has a very extensive criminal history, which includes three felonies, 16 misdemeanors, and eight violations (see People v Vidal, 111 AD3d 967, 968 [2013]; People v Browne, 107 AD3d 1013 [2013]; People v Milland, 103 AD3d 669, 670 [2013]). Further, he has violated conditions of parole on at least 10 occasions, and has exhibited a pattern of committing new crimes while on parole (see People v Vidal, 111 AD3d at 968; People v Browne, 107 AD3d at 1013; People v Milland, 103 AD3d at 670; People v Avila, 84 AD3d 1259, 1260 [2011]). Indeed, while a prior motion for resentencing pursuant to CPL 440.46 was pending before the Supreme Court, the defendant committed an additional crime. On several occasions while on parole, the defendant failed to participate in or absconded from substance abuse treatment programs. In addition, his institutional record of confinement shows two tier II infractions. Accordingly, substan *1020 tial justice dictated that the defendant’s motion be denied (see People v Vidal, 111 AD3d at 968; People v Gonzalez, 96 AD3d 875, 876 [2012]).
Rivera, J.E, Balkin, Dickerson and Cohen, JJ., concur.