THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD HODGE, Appellant. [990 NYS2d 592]—

Appeal by the defendant from an order of the Supreme Court,

Richmond County (Collini, J.), dated October 19, 2011, which denied his motion to be resentenced pursuant to CPL 440.46 on his convictions of criminal sale of a controlled substance in the third degree (four counts), which sentence was originally imposed on February 25, 2005, and modified by this Court on July 1, 2008.

Ordered that the order is reversed, on the facts and in the exercise of discretion, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings in accordance with the resentencing procedure set forth in CPL 440.46.

A defendant who is eligible for resentencing pursuant to CPL 440.46 enjoys a statutory presumption in favor of resentencing (*see People v Gonzalez*, 96 AD3d 875, 876 [2012]; *People v Beasley*, 47 AD3d 639, 641 [2008]; CPL 440.46 [3]; L 2004, ch 738, § 23). Here, the Supreme Court improvidently exercised its discretion in denying the defendant's motion to be resentenced. The specific facts relied on by the Supreme Court, including the details of the defendant's criminal history, his disciplinary infractions while incarcerated, and what the court concluded was the insincerity of the defendant's acceptance of responsibility, were insufficient to overcome the statutory presumption in favor of resentencing (*see People v Simmons*, 112 AD3d 654, 655 [2013]; *People v Green*, 110 AD3d 826, 827 [2013]). Most of the crimes in the defendant's criminal history, however, far predated the defendant's commission of the crimes for which he was serving his current sentence (*see People v Green*, 110 AD3d 826, 827 [2013]; *People v Berry*, 89 AD3d 954, 956 [2011]). Additionally, the defendant's institutional record was, on the whole, favorable. Under all the circumstances of this case, the defendant's motion should have been granted (*see People v Simmons*, 112 AD3d at 655).

Accordingly, we remit the matter to the Supreme Court, Richmond County, for further proceedings in accordance with the resentencing procedure set forth in CPL 440.46. Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.