■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DUKE, Appellant. [17 NYS3d 878]—Appeal by the defendant from an order of the Supreme Court, Queens County (Kron, J.), dated February 3, 2014 which, after a hearing, upon remittitur, denied his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal possession of a controlled substance in the third degree, which sentence was originally imposed on April 4, 1995.

Ordered that the order is affirmed.

A defendant who is eligible for resentencing pursuant to CPL 440.46 enjoys a statutory presumption in favor of resentencing (*see People v Gonzalez*, 96 AD3d 875, 876 [2012]; *People v Beasley*, 47 AD3d 639, 641 [2008]; CPL 440.46 [3]; L 2004, ch 738, § 23). "However, resentencing is not automatic, and the determination is left to the discretion of the Supreme Court" (*People v Gonzalez*, 96 AD3d at 876; *see People v Moore*, 115 AD3d 990 [2014]; *People v Beasley*, 47 AD3d at 641).

Here, considering the defendant's extensive and continuous criminal history, dating back to 1981, his multiple parole violations, and his poor institutional record, which consisted of 13 tier III infractions and 16 tier II infractions, the Supreme Court did not improvidently exercise its discretion in denying the defendant's motion for resentencing pursuant to CPL 440.46 (*see People v Golo*, 109 AD3d 623, 624 [2013], *lv granted* 23 NY3d 1037 [2014]; *People v Franklin*, 101 AD3d 1148, 1148-1149 [2012]; *People v Gonzalez*, 96 AD3d 875 [2012]; *People v Flores*, 50 AD3d 1156 [2008]). Hall, J.P., Austin, Sgroi and Hinds-Radix, JJ., concur.