■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BETHEA, Appellant. [41 NYS3d 899]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Dowling, J.), dated September 24, 2014, which, after a hearing, denied his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal possession of a controlled substance in the third degree, which sentence was originally imposed, upon a jury verdict, on October 5, 2004.

Ordered that the order is affirmed.

A defendant who is eligible for resentencing pursuant to CPL 440.46 enjoys a statutory presumption in favor of resentencing (*see People v Duke*, 132 AD3d 893 [2015]; *People v Brown*, 115 AD3d 155, 156-157 [2014] *affd* 25 NY3d 247 [2015]; *People v Beasley*, 47 AD3d 639, 641 [2008]). However, resentencing is not automatic, and the determination is left to the discretion of the Supreme Court (*see People v Duke*, 132 AD3d 893 [2015]; *People v Karim*, 85 AD3d 943, 944 [2011]; *People v Beasley*, 47 AD3d at 641).

Here, in light of the defendant's extensive and continuous criminal history, which includes a conviction of manslaughter in the first degree, his lackluster institutional disciplinary record, and his arrest for criminal possession of a weapon while on parole, the Supreme Court providently exercised its discretion in denying his motion for resentencing pursuant to CPL 440.46 (*see People v Duke*, 132 AD3d 893 [2015]; *People v Peterson*, 88 AD3d 1026, 1027 [2011]; *People v Overton*, 86 AD3d 4, 16 [2011]; *People v Karim*, 85 AD3d at 944). Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.