■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VELMA GREGG, Appellant. [45 NYS3d 515]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Shillingford, J.), rendered September 24, 2015, convicting her of petit larceny, upon her plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which she moves for leave to withdraw as counsel for the appellant.

Ordered that the judgment is affirmed.

We are satisfied with the sufficiency of the brief filed by the defendant's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]). Upon an independent review of the record, we conclude that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is, therefore, granted (*see id.*; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Leventhal, J.P., Austin, Cohen, Hinds-Radix and LaSalle, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHON HARRISON, Appellant. [44 NYS3d 767]—Appeal by the defendant from an order of the Supreme Court, Queens County (Kohm, J.), dated February 24, 2016, which denied his motion to be resentenced pursuant to CPL 440.46 on his conviction of criminal sale of a controlled substance in the third degree, which sentence was originally imposed, upon a jury verdict, on April 3, 1997.

Ordered that the order is affirmed.

The Supreme Court providently exercised its discretion in denying the defendant's motion to be resentenced pursuant to CPL 440.46, in light of the defendant's institutional and criminal record, which included 12 tier III infractions and 32 tier II infractions, as well as numerous parole violations, some of which were based upon convictions of new crimes (*see People v Duke*, 132 AD3d 893 [2015]). Dillon, J.P., Miller, Hinds-Radix and Connolly, JJ., concur.