# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**334**

**KA 15-01855**

PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ROBERT SAFFOLD, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EVAN HANNAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Onondaga County Court (Thomas J. Miller, J.), entered August 8, 2013 pursuant to the 2009 Drug Law Reform Act. The order denied the application of defendant to be resentenced upon defendant's 2003 conviction of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: On appeal from an order denying his application for resentencing pursuant to the 2009 Drug Law Reform Act (*see* CPL 440.46), defendant contends that County Court erred in concluding that certain factors overcame the statutory presumption in favor of resentencing. We conclude that the court did not abuse its discretion in denying defendant's application.

It is well settled that a "defendant who is eligible for resentencing pursuant to CPL 440.46 enjoys a statutory presumption in favor of resentencing . . . However, resentencing is not automatic, and the determination is left to the discretion of the" sentencing court (*People v Bethea*, 145 AD3d 738, 738; *see People v Arroyo*, 99 AD3d 515, 515, *lv denied* 20 NY3d 1059). Contrary to defendant's contention, the court did not abuse its discretion in determining that "substantial justice dictated denial of resentencing, given defendant's violent criminal history and poor prison disciplinary record" (*People v Alvarez*, 94 AD3d 587, 587, *lv denied* 19 NY3d 956; *see People v Welch*, 110 AD3d 1453, 1453, *lv denied* 22 NY3d 1044; *People v Gatewood*, 87 AD3d 825, 826, *lv denied* 17 NY3d 903), and "the seriousness of the instant offense" (*People v Parker*, 107 AD3d 1017,

1019, *lv denied* 21 NY3d 1076).