People v Valdez-Rodriguez (2019 NY Slip Op 04047)





People v Valdez-rodriguez


2019 NY Slip Op 04047


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019

108460

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ARMANDO VALDEZ-RODRIGUEZ, Now Known as JOSE DIANES TORRES, Appellant.

Calendar Date: April 22, 2019

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Davis Polk & Wardwell LLP, New York City (Erika A. James of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Supreme Court (Breslin, J.), entered August 24, 2016 in Albany County, which denied defendant's motion for resentencing pursuant to CPL 440.46.
In 1994, defendant was convicted of one count of criminal sale of a controlled substance in the third degree and three counts of criminal possession of a controlled substance in the third degree. He was sentenced as a second felony offender to concurrent prison terms of 12½ to 25 years for these crimes. In 1997, while incarcerated, he was convicted of aggravated harassment of an employee by an inmate and was sentenced to an additional 1½ to 3 years in prison, to run consecutively to the sentences imposed on his 1994 convictions. In 2004, while still incarcerated, he was convicted of attempted promoting prison contraband in the first degree and was sentenced to another 1½ to 3 years in prison, to run consecutively to his prior sentences. During the course of his incarceration, defendant was found guilty of 14 prison disciplinary infractions, many of which were tier III violations. In 2010, defendant moved for resentencing on his 1994 convictions under the Drug Law Reform Act of 2009 (L 2009, ch 56, pt AAA, § 9, as codified in CPL 440.46). Following a hearing, Supreme Court denied the motion, and defendant appeals.[FN1]
A defendant who is eligible for resentencing under the Drug Law Reform Act is entitled to a statutory presumption in favor of resentencing (see L 2004, ch 738, § 23; People v Plato, 166 AD3d 814, 814 [2018], lv denied 32 NY3d 1176 [2019]; People v Coleman, 157 AD3d 1127, 1128 [2018]; People v Saffold, 148 AD3d 1669, 1669 [2017], lv denied 29 NY3d 1086 [2017]). However, resentencing is not automatic and may be denied, in the discretion of the sentencing court, upon a showing that substantial justice dictates denial (see People v Plato, 166 AD3d at 814; People v Coleman, 157 AD3d at 1127; People v Saffold, 148 AD3d at 1669).
Here, Supreme Court considered not only defendant's status as a prior felony offender at the time that he committed the 1994 crimes, but also his commission of additional felonies while in prison. The court further took note of defendant's numerous prison disciplinary infractions and, considering the totality of the circumstances, concluded that substantial justice dictated that he not be resentenced. Defendant's reliance upon the statutory presumption in favor of resentencing does not negate these other considerations, which were significant. Therefore, we find no abuse of discretion in Supreme Court's denial of defendant's CPL 440.46 motion (see People v Plato, 166 AD3d at 814; People v Coleman, 157 AD3d 1127; People v Saffold, 148 AD3d at 1669; People v Allen, 118 AD3d 1048, 1049 [2014], lv denied 24 NY3d 958 [2014]; People v Buckery, 98 AD3d 1191, 1192 [2012], lv denied 20 NY3d 1009 [2013]).
Egan Jr., J.P., Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the order is affirmed.



Footnotes

Footnote 1: Defendant's appeal from Supreme Court's denial of his motion was delayed pending this Court's remittal of the matter for the issuance of a written order by that court and the court's issuance of said order. In the interim, defendant was released to parole supervision and was charged with various parole violations, as well as further crimes, resulting in additional convictions and his reincarceration.