People v Williams (2021 NY Slip Op 02831)





People v Williams


2021 NY Slip Op 02831


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2020-05977
 (Ind. No. 65/99)

[*1]The People of the State of New York, respondent,
v
Otien O. Williams, appellant.


Thomas N. N. Angell, Poughkeepsie, NY (Jennifer Burton of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Peter M. Forman, J.), dated October 10, 2019, which, without a hearing, denied his motion to be resentenced pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738, § 23) and CPL 440.46 on his convictions of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree, which sentence was originally imposed, upon a jury verdict, on February 15, 2000.
ORDERED that the order is reversed, on the law and as a matter of discretion in the interest of justice, the motion is granted, and the matter is remitted to the County Court, Dutchess County, for further proceedings in accordance with the resentencing procedure set forth in CPL 440.46.
After a jury trial, the defendant was convicted, inter alia, of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree. On February 15, 2000, he was sentenced to concurrent indeterminate terms of imprisonment on those counts. In April 2019, the defendant moved to be resentenced pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738, § 23; hereinafter the 2004 DLRA) and CPL 440.46. The County Court, upon confirming that neither side had any witnesses to present and that both sides were relying on their respective written submissions, denied the motion. We reverse.
Where, as here, a defendant is eligible for resentencing relief pursuant to the 2004 DLRA and CPL 440.46, there is a statutory presumption in favor of resentencing (see People v Simmons, 112 AD3d 654; People v Beasley, 47 AD3d 639, 641). Although resentencing is not mandatory, there is a presumption that the defendant is entitled to benefit from the reforms enacted by the Legislature based upon its judgment that the prior sentencing scheme for drug offenses like those committed by the defendant was excessively harsh (see People v Green, 110 AD3d 826).
Under the circumstances of this case, the factors relied upon by the County Court in denying the motion, including the defendant's criminal history, the quantity of drugs involved in the underlying offenses, and the defendant's disciplinary infractions while incarcerated, were insufficient to overcome the statutory presumption (see People v Simmons, 112 AD3d 654; People v Green, 110 [*2]AD3d 826; People v Berry, 89 AD3d 954, 956; People v Nunziata, 87 AD3d 555). Accordingly, we grant the defendant's motion and remit the matter to the County Court, Dutchess County, for further proceedings in accordance with the applicable resentencing procedure (see People v Nunziata, 87 AD3d 555).
CHAMBERS, J.P., AUSTIN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court